No. 25-cv-05072 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN MCCAFFREY,

Plaintiff,

- against -

NEW YORK CITY POLICE DEPARTMENT and THE
CITY OF NEW YORK,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Second Floor*
*New York, N.Y. 10007*

*Of Counsel:  Brigid Lynn*
*Tel: (212) 356-2481*
*Matter No. 2025-051961*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 1

      A.   Background .................................................................................................... 1

      B.   Plaintiff's Allegations in the Complaint ........................................................ 2

      C.   Plaintiff's Request For an Exemption to the Vaccine Mandate .................................................................................... 4

STANDARD OF REVIEW ....................................................................................................... 5

ARGUMENT

    POINT I

        PLAINTIFF'S CLAMS AGAINST NYPD MUST BE DISMISSED BECAUSE NYPD IS NOT A SUABLE ENTITY ................................................................................ 6

    POINT II

        PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM IS UNTIMELY BECAUSE IT SHOULD HAVE BEEN BROUGHT AS AN ARTICLE 78 .................................... 7

    POINT III

        THE VACCINE MANDATE AND THE CITY'S REASONABLE ACCOMMODATION PROCESS DID NOT INFRINGE ON PLAINTIFF'S RIGHT TO FREELY EXERCISE HIS PURPORTED RELIGIOUS BELIEFS ................................................................. 9

      A.   The Second Circuit Has Conclusively Determined That the Vaccine Mandate is Facially Neutral and Generally Applicable. ...................................... 9

**Page**

POINT IV

    PLAINTIFF FAILS TO STATE A CLAIM FOR
    FAILURE TO ACCOMMODATE UNDER THE
    CHRL ................................................................................................ 11

    A.  Plaintiff Did not Inform His Employer of a
        Sincerely Held Belief that Conflicts with the
        Vaccine Mandate. ................................................................. 12

    B.  Plaintiff Was Not Subject to Disciplinary
        Procedures............................................................................ 14

    C.  Granting Plaintiff's Exemption Request Would
        Have Been an Undue Hardship.............................................. 16

CONCLUSION ................................................................................................ 17

CERTIFICATION ........................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages**

Algarin v. NYC Health + Hosp. Corp.,
    678 F. Supp. 3d 497 (S.D.N.Y. 2023)................................................................16

Almodovar v. City of New York,
    2024 N.Y. Misc. 1865 (Sup. Ct. N.Y. Cnty. Apr. 15, 2024) ...................................13

Almodovar v. City of New York,
    2024 NY Slip Op 50475(U) (Sup Ct. NY Cnty. Apr. 25, 2024) ........................... 8-9

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).................................................................................5, 6

Baker v. Home Depot,
    445 F.3d 541 (2d. Cir. 2006)..............................................................12

Bath v. Fire Dept. of the City of N.Y.,
    2023 N.Y. Misc. LEXIS 2744 (Sup. Ct. N.Y. Cnty. 2023) .......................................14

Beickert v. N.Y.C. Dep't of Education,
    2023 U.S. Dist LEXIS 170719 (E.D.N.Y. Sept. 25, 2023)................................13, 14

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)........................................................................6

Broder v. Cablevision Sys. Corp.,
    418 F.3d 187 (2d Cir. 2005)..........................................................7

Broecker v. NY City Dept. of Educ.,
    585 F. Supp. 3d 299 (E.D.N.Y. 2022) ................................................15

Cagle v. Weill Cornell Med.,
    680 F. Supp. 3d 428 (S.D.N.Y. 2023)...............................................13

Campagna v. N.Y.C. Police Dept.,
    231 A.D.3d 531 (App. Div. 1st Dept. 2024)..........................................7

Chinchilla v. N.Y.C. Police Dep't,
    2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. July 12, 2024) ............................6, 7, 11

Matter of Clarke v. Bd. Of Educ. of the City School Dist. of the City of N.Y.,
    213 A.D.3d 548 (1st Dep't 2023) ......................................................15

Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY,
    280 F. Supp. 3d 426 (S.D.N.Y. 2017).............................................. 9-10

**Cases**                                                                                                 **Pages**

D'Cunha v. Northwell Health Sys.,
   2023 U.S. Dist. LEXIS 33343 (S.D.N.Y. Feb. 28, 2023),
   aff'd, 2023 U.S. App. LEXIS 30612 (2d Cir. Nov. 17, 2023)...................................................16

Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.,
   2023 U.S. Dist. LEXIS 84888 (S.D.N.Y. May 15, 2023)......................................................16

Employment Div. v. Smith,
   494 U.S. 872 (1990)...............................................................................................................10

Farrell v. City of N.Y.,
   2024 U.S. Dist. LEXIS 146937 (S.D.N.Y. Aug. 16, 2024).......................................................7

Fifth Ave. Presbyterian Church v. City of New York,
   293 F.3d 570 (2d Cir. 2002)...................................................................................................10

Garland v. New York City Fire Dep't,
   574 F. Supp. 3d 120 (E.D.N.Y. 2021) ....................................................................................15

Garland v. NY City Fire Dept.,
   574 F. Supp. 3d 128 ...............................................................................................................15

Goolsby v. City of N.Y.,
   83 Misc. 3d 445 (Sup. Ct. N.Y. Cnty. 2024) ...................................................................7, 8, 9

Hogan v. Fischer,
   738 F.3d 509 (2d Cir. 2013).....................................................................................................5

Indig v. Pomona,
   2019 U.S. Dist. LEXIS 200934 (S.D.N.Y. 2019)......................................................................9

Iosilevich v. City of New York,
   2023 U.S. Dist. LEXIS 77328 (S.D.N.Y. May 3, 2023)............................................................6

Kane v. De Blasio,
   19 F.4th 152 (2d Cir. 2021) ...................................................................................1, 10, 11, 12

Kueh v. New York,
   2024 U.S. Dist. LEXIS 213886 (S.D.N.Y. Nov. 25, 2024)....................................................12

Maniscalco v. N.Y. City Dept. of Educ.,
   563 F. Supp. 3d 33 (E.D.N.Y. 2021) ......................................................................................17

Marciano v. de Blasio,
   589 F. Supp. 3d 423 (S.D.N.Y. 2022)...............................................................................11, 15

**Cases**                                                                                                                          **Pages**

Marte v. Montefiore Med. Ctr.,
   2022 U.S. Dist. LEXIS 186884 (S.D.N.Y. 2022) ..................................................................12

Mason v. General Brown Cent. Sch. Dist.,
   851 F.2d 47 (2d Cir. 1988)..............................................................................................13

Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.,
   631 F.3d 57 (2d Cir. 2011)................................................................................................6

New Yorkers for Religious Liberty, Inc. v. City of N.Y.,
   125 F.4th 319 (2d Cir. 2024) .........................................................................................10

Nieves v. N.Y.C. Police Dep't,
   2024 N.Y. Slip Op. 33476(U), (Sup. Ct. N.Y. Cnty. 2024)............................................ 7-8, 9

O'Reilly v. Bd. of Ed.,
   2022 N.Y. Misc. LEXIS 246 (Sup. Ct. N.Y. Cnty. 2022) ...........................................15

Ortiz v. Pace Univ.,
   2025 U.S. Dist. LEXIS 3224 (S.D.N.Y. 2025)..............................................................6

Pentech Int'l, Inc. v. Wall St. Clearing Co.,
   983 F.2d 441 (2d Cir. 1993)............................................................................................7

Pierre v. Fire Dept. of the City of N.Y.,
   2023 Misc. N.Y. LEXIS 1272 (Sup. Ct. N.Y. Cnty. 2023) ........................................14

Roach v. N.Y.C. Hous. Auth.,
   2025 N.Y. Misc. LEXIS 2282 (Sup. Ct. N.Y. Cnty. Apr. 9, 2025) .....................................7, 8

Sherr v. Northport-East Northport Union Free Sch. Dist.,
   672 F. Supp. 81 (E.D.N.Y. 1987) .................................................................................12

Matter of Shmuel G.,
   4 Misc. 3d 1002(A), (Fam. Ct., Kings Co. 2004) ........................................................12

State Inspection, Sec. & L. Enf't Emps. v. Cuomo,
   64 N.Y.2d 233 (1984) .............................................................................................12, 16

Strong v. Zucker,
   2022 U.S. Dist. LEXIS 55438 (W.D.N.Y. 2022) .......................................................11

United States v. Seeger,
   380 U.S. 163 (1965)......................................................................................................12

**Cases**                                                                                                                          **Pages**

We the Patriots United States v. Connecticut Off. Of Early Childhood Dev.,
   76 F.4th 130 (2d Cir. 2023) ...................................................................................................10

Wong v. City of N.Y. & Parks & Recreation,
   2024 N.Y. Slip Op. 34031(U), (Sup. Ct. Kings Cty. 2024)....................................................7, 8

Ximines v. George Wingate High Sch.,
   516 F.3d 156 (2d Cir. 2008)......................................................................................................6

**Statutes**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................5

N.Y.C. Admin. Code § 8-107(3)(b) ..............................................................................................12

N.Y.C. Admin. Code § 8-107(31)(c)(3)(b)(i) ................................................................................16

N.Y.C. Charter § 396 .....................................................................................................................6

N.Y. Exec. Law § 296(10)(d)(1)....................................................................................................12

N.Y. Labor Law § 27-a .............................................................................................................12, 16

**PRELIMINARY STATEMENT**

Plaintiff Kevin McCaffrey ("Plaintiff"), a police officer formerly employed by the New York City Police Department ("NYPD") brings this action against NYPD and the City of New York ("City") (collectively, "Defendants"), alleging that in denying his request for an exemption to the COVID-19 vaccine mandate applicable to City employees ("Vaccine Mandate," or "Mandate,") Defendants failed to accommodate Plaintiff's religious beliefs in violation of the New York City Human Rights Law ("CHRL"). Further, though Plaintiff does not assert any federal causes of action and instead purports to invoke diversity jurisdiction, and despite the Second Circuit's definitive position that the Vaccine Mandate "in all its iterations, is neutral and generally applicable," (see Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021)), Plaintiff also alleges that Defendants refused to accommodate his religious beliefs. Defendants construe this as a free exercise claim.

The Complaint must be dismissed in its entirety. Plaintiff was required to challenge the denial of his request to be exempt from the Vaccine Mandate by filing an Article 78 petition. Plaintiff's claim is now time-barred because Article 78 proceedings have a four-month statute of limitations. Further, the Complaint should be dismissed because Plaintiff fails to state a failure to accommodate claim. Accordingly, Defendants' Motion to Dismiss the Complaint should be granted, the Complaint dismissed in its entirety, and judgment entered for Defendants.

**STATEMENT OF FACTS**

**A.    Background**

On October 20, 2021, the former Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dave A. Chokshi, issued a Commissioner's Order ("COH Order") requiring all New York City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. by October 29, 2021 ("Vaccine Mandate"). See

https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf. The Vaccine Mandate required that any City employee that did not comply must be excluded from their assigned work location beginning on November 1, 2021. Id. at 3 ¶¶2-3.

On February 9, 2023, the Board of Health ("BOH") amended the Vaccine Mandate, and in recognizing that 96% of City workers and 90% of New York City residents had "completed a primary series of vaccination," BOH repealed the requirement that City employees be excluded from their work premises if they did not demonstrate proof of COVID-19 vaccination.[1]

**B.     Plaintiff's Allegations in the Complaint**

Plaintiff was a police officer employed by Defendants NYPD and the City of New York since 2012. Compl. ¶12. Plaintiff alleges that the "former Mayor and the City of New York issued a Vaccination Mandate that all NYC employees must provide verification that they are vaccinated against covid-19 by October 29, 2021. The Defendants NYPD and the City did not collectively bargain with Plaintiff's Union, the Police Benevolent Association, before implementing an enforcing the Vaccine Mandate." Id. ¶26. Plaintiff alleges that "[o]n October 27, 2021, Plaintiff filed a Reasonable Accommodation Application for a Covid-19 Vaccine Exemption due to his sincere and genuine religious beliefs." Id. ¶35.

In his exemption request, Plaintiff alleges that he "explained that all of the COVID-19 vaccines available at the time of his request, used aborted fetal cell lines . . . in their manufacturing or testing." Id. ¶36. Plaintiff also alleges he explained that "he believes life begins at conception and ends at natural death," that "God creates every human life intentionally and with purpose," that "the Christian Church has condemned abortion from the earliest times," and that "it

---

[1]    See    https://www.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-city-employees.pdf   (last accessed October 20, 2025).

is his sincerely held religious belief that abortion is murder." Id. ¶¶37-39. Plaintiff alleges that he explained that "if he were to receive any of the COVID-19 vaccines available at the time, he would be cooperating with and complicit in abortion . . . ." Id. ¶41. Plaintiff claims he cited to numerous scriptures from the Bible that supported his religious beliefs, including his purported belief that the "body is sacred and Plaintiff should not receive chemicals that will manipulate, teach or change God's creation." Id. ¶42.

Plaintiff alleges that the "NYPD Equal Employment Opportunity Division Director, Michael Melocowsky stated that very few religious accommodations would be approved" and that "Melocowsky instructed those assigned with making determinations on religious accommodation requests to the Vaccine Mandate that they did not need to communicate with applicants before denying their applications." Id. ¶¶43, 45. Plaintiff also alleges that there was no interactive process or cooperative dialogue regarding his exemption request, and that "Defendants failed to follow any statutory requirements, failed to show an undue hardship, and failed to provide a reasonable accommodation." Id. ¶¶46-47.

Plaintiff alleges that "[o]n August 8, 2022, Plaintiff's request for a reasonable accommodation was denied by Defendant NYPD." Id. ¶48. Plaintiff also alleges that "NYPD granted reasonable accommodations to the Vaccine Mandate to other employees, including police officers working in the field." Id. ¶49. Plaintiff alleges that "NYPD's appeal denial letter indicated that Plaintiff's accommodation request was denied because '*Does Not Meet Criteria.*'" Id. ¶50. Plaintiff alleges that he "was given seven calendar days to submit proof of vaccination or Plaintiff would be placed on Leave without Pay." Id. ¶51. Plaintiff alleges he "was told that all Appeals would be denied." Id. ¶53.

3

Plaintiff alleges that "[u]pon learning that he [sic] his Appeal would be denied and then terminated, [he] suffered immense pain and suffering including acute stress," and that "[f]acing the prospect of an appeal denial and imminent termination, Plaintiff was forced to retire from the NYPD on August 15, 2022." Id. ¶¶54-55. Plaintiff alleges he "would not have retired but for his imminent appeal denial and termination," and that "if he did not retire he would have been terminated and completely lose any and all pension that he was entitled to." Id. ¶¶56, 59. Plaintiff claims that "Defendants' unlawful action turned Plaintiff's world upside-down; from selling his home and moving across the country, leaving his church, community and career that he loved behind." Id. ¶64.

C.      **Plaintiff's Request For an Exemption to the Vaccine Mandate**

On October 27, 2021, Plaintiff submitted a religious exemption request via email to NYPD. See Exemption Request Email 10/27/21, annexed to the Declaration of Brigid Lynn ("Lynn Decl.") as Exhibit A. In support of his exemption request, Plaintiff submitted a two-page personal statement. See Personal Statement in Support of Exemption Request, Lynn Decl., Exh. B. In his Personal Statement, Plaintiff indicates that he has "deep religious objections about vaccines that use human cells from aborted fetuses and pregnant women for development and profit," and that his "beliefs will not allow [him] to subject the one and only body God gave [him] to possible contamination and damage from vaccines." Id. Plaintiff further indicated in his personal statement that "[t]here is no evidence or proof that shows that I am a direct threat to myself, coworkers, or the community being unvaccinated while have [sic] natural immunity and practicing my universal precautions. There is also no evidence or proof that vaccines are not a direct threat to my body, or every human body, one of Gods [sic] greatest creations." Id.

By letter dated December 14, 2021, NYPD notified Plaintiff that his request for an exemption to the Vaccine Mandate was denied. See Denial Letter dated December 14, 2021, Lynn

4

Decl., Exh. C. As indicated in the Denial Letter, Plaintiff's exemption request was denied because (1) his objections were "personal, political or philosophical," (2) there was "insufficient or missing religious documentation," (3) the objection "appears to be based on verifiable false information, misinformation, fear of unknown origin of vaccine or side effects," and (4) the "[w]ritten statement does not set forth how religious tenets conflict with vaccine requirement." Id. In addition to the four reasons for denial indicated on the Denial Letter, the NYPD "COVID-19 Mandate RA Determination Worksheet for Religious Belief/Practice" also indicates that Plaintiff's exemption request was denied because there was "no record history of vax/med refusal." See NYPD Determination Worksheet, Lynn Decl. Exh. D.

Thereafter, Plaintiff appealed the NYPD's denial of his exemption request. In support of his appeal, Plaintiff submitted a letter dated December 20, 2021, from Reverend Matthew C. MacDonald, stating that Plaintiff is a registered parishioner at Saint Mary's Church in Washingtonville, NY. See Clergy Letter, Lynn Decl. Exh. E. Plaintiff also submitted a written statement challenging each reason given by NYPD for the denial of Plaintiff's exemption request. See Appeal Letter, Lynn Decl. Exh. F. Plaintiff was notified via email on August 8, 2022, that the Citywide Panel upheld NYPD's denial of Plaintiff's request for an exemption. See Citywide Panel Appeal Decision Email, Lynn Decl. Exh. G.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011)

5

(quoting Iqbal, 556 U.S. at 678) (internal quotation omitted). Thus, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); Ortiz v. Pace Univ., 2025 U.S. Dist. LEXIS 3224, *3 (S.D.N.Y. 2025) ("[a] complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal) (quoting Twombly, 550 U.S. 544, 555, 557)).

## ARGUMENT

### POINT I

**PLAINTIFF'S CLAIMS AGAINST NYPD MUST BE DISMISSED BECAUSE NYPD IS NOT A SUABLE ENTITY**

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, § 396. Section 396 "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." See Ximines v. George Wingate High Sch., 516 F.3d 156, 159-60 (2d Cir. 2008). Accordingly, all claims against the NYPD must be dismissed. See Iosilevich v. City of New York, 2023 U.S. Dist. LEXIS 77328, *4-5 (S.D.N.Y. May 3, 2023) (dismissing all claims against NYPD as a non-suable entity.); see also Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248, *29 (S.D.N.Y. July 12, 2024).

6

## POINT II

### PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM IS UNTIMELY BECAUSE IT SHOULD HAVE BEEN BROUGHT AS AN ARTICLE 78

Plaintiff's only cause of action is for failure to accommodate under the New York City Human Rights Law. See Compl. ¶¶71-123. However, the denial of Plaintiff's exemption request, either initially by NYPD or on appeal by the Citywide Panel, was an administrative determination that Plaintiff was required to challenge through an Article 78 proceeding. See Campagna v. N.Y.C. Police Dept., 231 A.D.3d 531 (App. Div. 1st Dept. 2024) (reversing preliminary injunction because plaintiff could not demonstrate a likelihood of success when "he failed to challenge the termination" of his employment, based on his "noncompliance with the vaccine mandate," in a timely Article 78 proceeding); Roach v. N.Y.C. Hous. Auth., 2025 N.Y. Misc. LEXIS 2282, at *3 (Sup. Ct. N.Y. Cnty. Apr. 9, 2025) ("Plaintiff's disagreement with NYCHA's administrative decision to refuse him a COVID-19 vaccine exemption" had to be brought in an Article 78 proceeding); Goolsby v. City of N.Y., 83 Misc. 3d 445, 454 (Sup. Ct. N.Y. Cnty. 2024) (plaintiff's challenge to denial of vaccine exemption request had to be pursued in an Article 78 proceeding); Wong v. City of N.Y. & Parks & Recreation, 2024 N.Y. Slip Op. 34031(U), at *4 (Sup. Ct. Kings Cty. 2024) (same).[2]

---

[2] The City is aware that Farrell v. City of N.Y., 2024 U.S. Dist. LEXIS 146937, at *6-10 (S.D.N.Y. Aug. 16, 2024), and Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248, at *29-32 (S.D.N.Y. July 12, 2024), have found to the contrary. However, these decisions should not be followed for two reasons. First, they conflict with the majority of the New York State courts that have addressed the issue, including the New York First Department's decision in Campagna, 231 A.D.3d 531. See Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199-200 (2d Cir. 2005) ("As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts.") (quoting Pentech Int'l, Inc. v. Wall St. Clearing Co., 983 F.2d 441, 445 (2d Cir. 1993)). Second, the courts' rulings ignore the fact that a litigant may not avoid the statute of limitations associated with Article 78 proceedings by merely labelling his claims as asserting discrimination or failure to accommodate under the SHRL or CHRL. See e.g., Nieves v.

The statute of limitations to bring an Article 78 proceeding is four months from the date the challenged decision becomes final. See Roach, 2025 N.Y. Misc. LEXIS 2282, at *3; Goolsby, 83 Misc. 3d at 454; Wong, 2024 N.Y. Slip Op. 34031(U), at *3. Plaintiff alleges that on "August 8, 2022, Plaintiff's request for a reasonable accommodation was denied by Defendant NYPD." Compl. ¶48. Notwithstanding the fact that August 8, 2022 is the date on which the Citywide Panel denied Plaintiff's appeal, and that NYPD denied his exemption request months earlier on December 14, 2021, (see Lynn Decl., Exhs. C, G), Plaintiff did not commence this action until June 17, 2025, almost three years later after he alleges his exemption request was denied. See ECF Dkt. No. 1. Plaintiff's claim is, therefore, time-barred and must be dismissed.

The fact that Plaintiff characterized his claim as a failure to accommodate claim does not change the result. See Roach, 2025 N.Y. Misc. LEXIS 2282, at *4 ("Plaintiff cannot avoid the time limitation to initiate an Article 78 proceeding by reframing his claims" as violations of the SHRL and CHRL); Wong, 2024 N.Y. Slip Op. 34031(U), at *4 ("Although plaintiff frames this action as a religious discrimination lawsuit under the [CHRL], the crux of his . . . challenge . . . stripped of all artifice squarely fits the parameters of a CPLR Article 78 proceeding . . . ."). The crux of Plaintiff's Complaint is a challenge of the NYPD's decision to deny his request for an exemption to the Vaccine Mandate. See Compl. ¶¶48, 77-78, 94-104. Because Plaintiff is essentially challenging the NYPD's denial, this administrative determination was required to be brought as Article 78 petition and is now time-barred. See e.g., Almodovar v. City of New York,

---

N.Y.C. Police Dep't, 2024 N.Y. Slip Op. 33476(U), at *4 (Sup. Ct. N.Y. Cnty. 2024) (dismissing complaint as untimely because the "true nature of the Verified Complaint, stripped of all artifice, squarely fits the parameters of a CPLR article 78 proceeding"). That Plaintiff is clearly challenging the administrative determinations to deny his exemption request is amply demonstrated by his allegations that Defendants rejected Plaintiff's beliefs without an objective basis or reason. See Compl. ¶¶97-99, 101.

2024 NY Slip Op 50475(U) (Sup Ct. NY Cnty. Apr. 25, 2024) (finding that the plaintiff's claim should have been brought as an Article 78 where "the gravamen of Plaintiff's complaint is a challenge [of] the NYPD's decision denying his request for a reasonable accommodation."); Nieves v. New York City Police Dept., 2024 NY Slip Op 33476(U), *4, (Sup Ct. Kings Cnty. Sept. 30, 2024) (dismissing the complaint as time-barred where "the crux of her Verified Complaint is a challenge to the administrative denial of her request for a religious exemption/accommodation from the COVID-19 vaccination."); Goolsby v. City of New York, 83 Misc. 3d 445, 453 (Sup Ct. NY Cnty. 2024) (dismissing plaintiff's claims as time-barred when the "quintessential factual assertion in plaintiff's complaint is that defendant denied the reasonable accommodation request without a valid basis"). Because Plaintiff's claim should have been brought as an Article 78 proceeding, and because he did not bring this action within four months of the challenged administrative determination, his claim is time barred and should be dismissed.

## POINT III

**THE VACCINE MANDATE AND THE CITY'S REASONABLE ACCOMMODATION PROCESS DID NOT INFRINGE ON PLAINTIFF'S RIGHT TO FREELY EXERCISE HIS PURPORTED RELIGIOUS BELIEFS**

A. **The Second Circuit Has Conclusively Determined That the Vaccine Mandate is Facially Neutral and Generally Applicable.**

To the extent that Plaintiff attempts to allege he was denied the right to freely exercise his religious beliefs, any such claim fails. It is "not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." See Indig v. Pomona, 2019 U.S. Dist. LEXIS 200934, *22 (S.D.N.Y. 2019) (citing Congregation Rabbinical

9

Coll. of Tartikov, Inc. v. Vill. of Pomona, NY, 280 F. Supp. 3d 426, 482 (S.D.N.Y. 2017), Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002)); see also Employment Div. v. Smith, 494 U.S. 872, 879 (1990) ("the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)") (internal quotations omitted).  Therefore, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement." Fifth Ave. Presbyterian Church, 293 F.3d at 574; see also Smith, 494 U.S. at 879.

Here, the Second Circuit Court of Appeals has held that the Vaccine Mandate is neutral and generally applicable. See Kane v. de Blasio, 19 F.4th 152, 164 (2d Cir. 2021) (finding the Vaccine Mandate neutral on its face because it applied equally to all employees); see also New Yorkers for Religious Liberty, Inc. v. City of N.Y.,125 F.4th 319, 335 (2d Cir. 2024).  The Second Circuit has also unequivocally made clear that rational basis review applies to the Vaccine Mandate. Kane, 19 F.4th at 166.  Furthermore, "[t]o fail the neutrality prong, it is not enough for a law to simply affect religious practice; the law or the process of its enactment must demonstrate hostility to religion." We the Patriots United States v. Connecticut Off. Of Early Childhood Dev., 76 F.4th 130, 145 (2d Cir. 2023).  The Vaccine Mandate did not single out anyone who declined vaccination on religious grounds, and here, Plaintiff pleads no facts showing that suppression of his religion or any related practice was the intent of the Vaccine Mandate or the process by which employees could request exemptions.

Because the Vaccine Mandate is neutral and generally applicable, it is subject to rational basis review, and rational basis review requires that Defendants must show only that they

have chosen a "means for addressing a legitimate goal that is rationally related to achieving that goal." <u>Kane</u>, 19 F.4th 166.  And as state and federal Courts at all levels have consistently recognized, it is clear that during the rapid spread of COVID-19 pandemic, it was incumbent on the City to take steps to mitigate the health risks to the public and to its employees by requiring that all City employees be vaccinated against COVID-19. <u>Marciano v. de Blasio</u>, 589 F. Supp. 3d 423, 432 (S.D.N.Y. 2022).  Though Plaintiff expresses dissatisfaction with having to demonstrate proof of vaccination as a condition of employment, as the Court in <u>Strong v. Zucker</u> eloquently pointed out, "it is not the task of this Court to set public health care policy or to reach its own decision about how best to deal with the COVID19 pandemic." 2022 U.S. Dist. LEXIS 55438, at *12 (W.D.N.Y. 2022).

Finally, Plaintiff has not demonstrated that the City's process of reviewing reasonable accommodation requests for exemptions to the Vaccine Mandate was not neutral or generally applicable or that Defendants' decision to deny Plaintiff an exemption to the Vaccine Mandate does not pass Constitutional muster. <u>See</u> <u>Chinchilla v. N.Y.C. Police Dep't</u>, 2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. 2024).  Accordingly, any attempt by Plaintiff to bring a free exercise claim here fails.

**POINT IV**

**PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO ACCOMMODATE UNDER THE CHRL**

Plaintiff's failure to accommodate should be dismissed because Plaintiff fails to state a claim. To make out a prima facie case under the CHRL, a plaintiff must demonstrate that (1) he has a bona fide religious belief conflicting with an employment requirement; (2) he informed the employer of this belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement. <u>See</u> <u>Baker v. Home Depot,</u> 445 F.3d 541, 546 (2d. Cir. 2006); <u>Marte v.</u>

11

Montefiore Med. Ctr., 2022 U.S. Dist. LEXIS 186884 (S.D.N.Y. 2022). Plaintiff fails to do so, warranting dismissal of his claim here.

The next inquiry is whether accommodating the employee's religious beliefs would constitute an undue burden to the employer. Kueh v. New York, 2024 U.S. Dist. LEXIS 213886, *16 (S.D.N.Y. Nov. 25, 2024). An undue hardship is "an accommodation requiring significant expense or difficulty (including a significant interference with the safe or efficient operation of the workplace or a violation of a bona fide seniority system)." N.Y.C. Admin. Code § 8-107(3)(b); N.Y. Exec. Law § 296(10)(d)(1)). The City, as a government employer, has a duty to maintain a safe workplace environment and the decision of how to do it best is within its discretion as the municipal employer. See N.Y. Labor Law § 27-a.; N.Y. State Inspection, Sec. & L. Enf't Emps. v. Cuomo, 64 N.Y.2d 233, 237-40 (1984).

**A.      Plaintiff Did Not Inform His Employer of a Sincerely Held Belief that Conflicts With the Vaccine Mandate.**

Evaluating whether a religious belief is sincere is a threshold question of fact that "must be resolved in every case." United States v. Seeger, 380 U.S. 163, 185 (1965); Kane, 19 F.4th at 442. It is not sufficient for Plaintiff to merely state that the beliefs he asserts are "religious in nature." Rather, a plaintiff must demonstrate that his "espoused beliefs […] do in fact stem from religious convictions and have not merely been framed in terms of religious belief[s] so as to gain the legal remedy desired." Sherr v. Northport-East Northport Union Free Sch. Dist., 672 F. Supp. 81, 94 (E.D.N.Y. 1987). This is because "medical, health related or purely moral considerations, scientific or secular theories, or philosophical and personal beliefs" are not sincerely held religious beliefs. Matter of Shmuel G., 4 Misc. 3d 1002(A), at 3 (Fam. Ct., Kings Co. 2004) (internal citations omitted).

Plaintiff's conclusory allegations regarding his faith are not enough to demonstrate a sincerely held belief that conflicts with the Vaccine Mandate. See Almodovar v. City of New York, 2024 N.Y. Misc. 1865, *12-13 (Sup. Ct. N.Y. Cnty. Apr. 15, 2024) (dismissing plaintiff's failure to accommodate claims under NYSHRL and NYCHRL where plaintiff did not advance any facts to show how his beliefs conflicted with the vaccine mandate); Cagle v. Weill Cornell Med., 680 F. Supp. 3d 428, 435 (S.D.N.Y. 2023), ("[b]ald allegations that a plaintiff has a religious belief and that those religious beliefs conflict with an employment requirement are insufficient to state a claim for religious discrimination under Title VII."). Further, while Plaintiff incorporates several Bible verses in his personal statements, the mere invocation of a biblical verse is insufficient to establish that Plaintiff holds a religious belief against being vaccinated. See Beickert v. N.Y.C. Dep't of Education, 2023 U.S. Dist LEXIS 170719, *9 (E.D.N.Y. Sept. 25, 2023) (citing Mason v. General Brown Cent. Sch. Dist., 851 F.2d 47,51 (2d Cir. 1988)).

Here, Plaintiff also raised a number of secular concerns in support of his exemption request. See Lynn Decl., Exhs. B, F.  Specifically, Plaintiff's personal statement reads in part:

> I am a responsible and productive police officer who has been in my position in the Critical Response Command since November of 2015 and was on the front lines since day one of this pandemic. I am aware of my duty to protect and serve the community of the City of New York. I have worked hard and kept my commitment I made when I took my oath to support the constitution of the United States and the constitution of the State of New York and have faithfully discharged the duties of the office of police officer to the best of my ability. I have also subjected my body and my family to the contraction of COVID-19 in January 2021 and through our sacred bodies [sic] natural defenses and our faith in God, we fully recovered.
>
> There is no evidence or proof that shows that I am a direct threat to myself, coworkers or the community being unvaccinated while have natural immunity and practicing my universal precautions. There is also no evidence or proof that vaccines are not a direct threat to my body, or every human body, one of Gods [sic] greatest creations.

13

Lynn Decl., Exh. B. Further, in support of his appeal to the Citywide Panel, Plaintiff included in his personal statement that "There are other proven methods to ensure the safety of the public such as proper masking, which is proven to be 70% effective in preventing the transmission of COVID-19. According to the CDC, the vaccine is only 66% percent effective." Lynn Decl., Exh. F. Plaintiff also included a chart from the CDC to show the efficacy of the COVID-19 vaccine. Id. Plaintiff's stated concerns about the vaccines' efficacy do not qualify as a proper basis for a religious exemption. See Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, *11 (E.D.N.Y. Sept. 25, 2023).

Additionally, pursuant to the publicly-available guidance from the Equal Employment Opportunity Commission ("EEOC"), "objections to COVID-19 vaccination that are based on social, political, or personal preferences, or on nonreligious concerns about the possible effects of the vaccine, do not qualify as 'religious beliefs.'" See https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L.%20[*11 (last accessed Oct. 20, 2025).  Courts have also held that such preferences are not connected to religious beliefs. See Pierre v. Fire Dept. of the City of N.Y., (Art. 78), 2023 N.Y. Misc. LEXIS 1272, *6-7 (Sup. Ct. N.Y. Cnty. 2023) (Art. 78 petition denied where the petitioner objected to a vaccine "that has used stem cells from fetuses […] without any connection to a sincerely held religious belief" because the "request was based on [the petitioner's] personal preferences"); Bath v. Fire Dept. of the City of N.Y., 2023 N.Y. Misc. LEXIS 2744 (Sup. Ct. N.Y. Cnty. 2023).

B.    **Plaintiff Was Not Subject to Disciplinary Procedures.**

As a matter of law, Courts have consistently held that during COVID-19 public health emergency, when the various levels of government were seeking to mitigate the impact of the COVID-19 virus, getting vaccinated was a proper "condition of [Plaintiff's] employment," and since it had nothing to do with Plaintiff's job performance, misconduct, or competency, the

14

Vaccine Mandate did not implicate disciplinary procedures. See Garland v. New York City Fire Dep't, 574 F. Supp. 3d 120, 128 (E.D.N.Y. 2021); Broecker v. NY City Dept. of Educ., 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022) (the Vaccine Mandate is a lawful condition of employment); Marciano v. De Blasio, 589 F. Supp. 3d 423, 426 (S.D.N.Y. 2022) (where, in dismissing NYPD employee's claim that he had been disciplined for failing to be vaccinated, the court held that the Vaccine Mandate created a condition of the plaintiff's employment, and that his termination based on his failure to meet that condition did not implicate applicable statutory or NYPD disciplinary procedures); O'Reilly v. Bd. of Ed., 2022 N.Y. Misc. LEXIS 246 (Sup. Ct. N.Y. Cnty. 2022) (court determined that employment action taken by DOE was "not discipline but instead was merely a response to petitioner's refusal to comply with a condition of employment."); Matter of Clarke v. Bd. Of Educ. of the City School Dist. of the City of N.Y., 213 A.D.3d 548, 550 (1st Dep't 2023) (the court held that "… placement on leave for failure to prove vaccination, a condition of employment, is 'unrelated to job performance, misconduct or competency' and does not constitute 'teacher discipline'.").

Here, Plaintiff failed to satisfy a condition of his employment by refusing to get vaccinated and was no longer qualified for his position with NYPD. See Garland v. NY City Fire Dept., 574 F. Supp. 3d 128 ("the termination of a public employee based on the employee's failure to satisfy a qualification of employment unrelated to job performance, misconduct, or competency does not implicate the disciplinary procedures."). Plaintiff does not allege that he was terminated or placed on leave without pay, and does not allege any facts indicating he was subjected to discipline of any kind. Instead, Plaintiff alleges he decided to retire from NYPD in August 2022. See Compl. ¶55.  Because Plaintiff made the decision to retire, he was not subject to discipline.

15

**C.       Granting Plaintiff's Exemption Request Would Have Been an Undue Hardship.**

Plaintiff's claim also fails because it would have been an undue hardship to grant Plaintiff's exemption request. Under the CHRL, "an accommodation shall be considered to constitute an undue hardship for purposes of [the subdivision of the CHRL dealing with religious observance] if it will result in the inability of an employee who is seeking a religious accommodation to perform the essential functions of the position in which the employee is employed." NYC Admin. Code § 8-107(31)(c)(3)(b)(i). Here, contrary to Plaintiff's assertions, the requested accommodation would require that Defendants permit Plaintiff to potentially expose other NYPD employees and the public to a life-threatening virus, which would pose an undue burden to Defendants. See Algarin v. NYC Health + Hosp. Corp., 678 F. Supp. 3d 497, 511 (S.D.N.Y. 2023) (internal citations omitted). The City, as a government employer, has a duty to maintain a safe workplace, and the decision of how to do it best is within its discretion as the municipal employer. See N.Y. Labor Law § 27-a.; see also N.Y. State Inspection, Sec. & L. Enf't Emps. v. Cuomo, 64 N.Y.2d 233, 237-40 (1984). Given the public health emergency posed by COVID-19, the City promulgated the entirely lawful and rational Vaccine Mandate, and Defendants could not permit unvaccinated employees, absent accommodation required by law, to perform work for the City.

Plaintiff alleges that "[i]n the midst of manpower shortages and spikes of violent crime, [he] stepped up to provide essential services for New York City when the majority of citizens remained safely at home." Compl. ¶25. Allowing Plaintiff to continue working while unvaccinated creates a health and safety risk, especially where he occupies a role in which he may interact with vulnerable populations. See D'Cunha v. Northwell Health Sys., 2023 U.S. Dist. LEXIS 33343, at *7 (S.D.N.Y. Feb. 28, 2023), aff'd, 2023 U.S. App. LEXIS 30612 (2d Cir. Nov. 17, 2023); Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., 2023 U.S. Dist. LEXIS

84888, at *15 n.7 (S.D.N.Y. May 15, 2023) (there is an "obvious hardship associated with the increased health and safety risk posed to other employees and patients by allowing Plaintiffs to remain unvaccinated while working"). As such, in light of City's duty to keep its employees and the public safe at the height of COVID-19 pandemic, when the viral transmission rates were high, it would have been an undue burden to allow Plaintiff to continue performing his duties without being vaccinated. See Maniscalco v. N.Y. City Dept. of Educ., 563 F. Supp. 3d 33, 39-40 (E.D.N.Y. 2021). Therefore, Plaintiff's CHRL claim fails and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss in its entirety, with prejudice, that judgment in favor of Defendants be entered, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      October 20, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street, Second Floor
New York, New York 10007
(212) 356-2481

By: /s/ *Brigid Lynn*
      Brigid Lynn
      Assistant Corporation Counsel

17

## CERTIFICATION

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 5,384 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated:    New York, New York
          October 20, 2025

Respectfully submitted,

By:    /s/ *Brigid Lynn*
       Brigid Lynn
       Assistant Corporation Counsel

18