UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————X

**KEVIN McCAFFREY,**

                                Plaintiff,            Case No.: 25-cv-5072-AKH

Against

**THE NEW YORK CITY POLICE DEPARTMENT**
and **THE CITY OF NEW YORK,**

                                Defendants.
————————————————————————————-X

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
# TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

 

**THE MERMIGIS LAW GROUP, P.C.**
*Attorneys for Plaintiff*

*/s/ James Mermigis*

_____
By: James G. Mermigis, Esq.
85 Cold Spring Road, Suite 200
Syosset, NY 11791
(516) 353-0075
james@MermigisLaw.com

                                ORAL ARGUMENT REQUESTED

1

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES …………………………………………………………………..3

PRELIMINARY STATEMENT ………………………………………………...…..……. …...5

STATEMENT OF FACTS ………………………………………………..……...…………..5

STANDARD OF LAW ……………………………………………………….….………11

ARGUMENT ……………………………………………………………………….………13

POINT I: PLAINTIFF PLEADS VIABLE NYCHRL CLAIM……………………….…………13

A. Plaintiff pleads a sincerely held religious beliefs that Conflict

with the Mandate…………………………………………………………………………14

B. Plaintiff properly pleads an adverse employment action…………………………..………..16

C. Defendants' undue hardship arguments are premature and Defendants cannot

meet its burden of proof of undue hardship…………………………………………...…..20

POINT II: Plaintiff's failure to accommodate claims were properly and timely commenced
pursuant to the Human Rights Laws which provide a three-year statute of limitations……… 23

CONCLUSION………………………………………………………………………….26

**TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………...5,11

*Baker v. Home Depot*, 445 F.3d 541 (2d Cir. 2006) …………………………………………..12

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ……………………………….…  5,11

*Broecker v. N.Y.C. Dep't of Educ.*, 585 F. Supp. 3d 299 (E.D.N.Y. 2022)……………….……17

*Chinchilla v. New York City Police Dep't*,
No. 23 CIV. 8986 (DEH), 2024 WL 3400526 (S.D.N.Y. July 12, 2024) …………….…..…15,16,18

*Doe v Bloomberg L.P.*, 36 NY3d 450 (2021) …………………………………..…………..12

*Does v. Mills*, 142 S. Ct. 17 (2022)………………………………………………………14

*Doolittle v. Bloomberg L.P.*, 2023 WL 7151718, at *7 (S.D.N.Y. Oct. 31, 2023)……………..6

*Ferrelli v.. State of New York*, 2022 WL 673863 (N.D.N.Y. 2022)……………………………15

*Giunta v. Dingman*, 893 F.3d 73 (2d Cir. 2018)…………………………………………11

*Green v. Town of E. Haven*, 952 F.3d 394 (2d Cir. 2020)…………………………………15

*Groff v. DeJoy*, 600 U.S. 447 (2023) …………………………………………..…........ 15

*Jacobsen v. New York City Health & Hospitals Corp.*, 22 N.Y.3d 824 (2014) ………………11,20

*Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021) …………..……………………………14

*Keene v. City of San Francisco*, 2023 WL 3451687 (9th Circuit, May 15, 2022)………………14

*Koerner v. State*, 62 N.Y.2d 442, 447-48 (N.Y. 1984)……………………………………….24,25

*LeBlanc v. United Parcel Serv.*, No. 11-cv-6983 (KPF), 2014 WL 1407706 (S.D.N.Y. 2014)…15

*Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268 (2d Cir. 2009)…………………………… 12

*Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184 (2d Cir. 1987)……………………………………16

*McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184 (2d Cir.2007) …………………..………. 11

*Mihalik v. Credit Agricole Cheuvreux N. Am, Inc.*, 715 F.3d 102 (2d Cir. 2013)…...……………12

*Morris v. Schroder Cap. Mgmt. Int'l*, 859 N.E.2d 503 (N.Y. 2006)……………………………15

*Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67 (2d Cir.1998) ……………………………18

*Rizzo v. New York City Dep't of Sanitation*,
No. 23-CV-7190 (JMF), 2024 WL 3274455 (S.D.N.Y. July 2, 2024) ………..……….…..…18

*Rowett v. Proselect Ins. Co.*, 2025 WL 1664018 (S.D.N.Y. June 12, 2025)……………………..9

*Vasquez v. City of New York*,
No. 22-CV-05068 (HG) (VMS), 2024 WL 1348702 (E.D.N.Y. Mar. 30, 2024) …………..…15,18

3

*U.S. Navy Seals v. Biden*, 578 F.Supp.3d 822  aff'd 27 F.4th 336 (5th Cir. 2022)………………14

*Whitfield v. City of New York*, No. 22-412, 2024 WL 1122556, (2d Cir. Mar. 15, 2024)…… 24,25


**Statutes**

**Federal Rules**

Fed. R. Civ. P. 12(b)(6)…………………………………………………………….......1, 5

**New York City Administrative Code**

N.Y.C. Admin. Code § 8-102 …………………………………………………………...23

NYC Admin. Code § 8-107(3)……………………………………………………14,17,18

NYC Admin. Code § 8-107(3)(a)………………………………………………..…………17

NYC Admin. Code § 8-107(3)(b)………………………………………………………….18

N.Y.C. Admin. Code § 8-502(h)(2)…………………………………………………..15,17

**PRELIMINARY STATEMENT**

Plaintiff, Kevin McCaffrey (hereinafter "Plaintiff") respectfully submits this memorandum in law in opposition to Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which seeks dismissal of Plaintiff's New York City Human Rights Law (NYCHRL) claim. Defendants' motion fails because Plaintiff has presented plausible facts – not just mere conclusory statements – supporting viable claims under NYCHRL. At this stage, those well-pleaded allegations must be accepted as true, and they easily clear the plausibility threshold under *Twombly* and *Iqbal*.

**STATEMENT OF FACTS**

In the midst of manpower shortages and spikes of violent crime, Plaintiff stepped up to provide essential services for New York City when the majority of citizens remained safely at home. And although being a NYPD Police Officer was often a thankless job, with the public growing increasingly hostile and dangerous, it did not stop Plaintiff from risking his life to serve and protect this City.

Plaintiff had a wonderful career as a Police Officer and loved his job. Plaintiff's accommodation request was denied even though Plaintiff was working with an accommodation during the complete and continuous accommodation process. PLAINTIFF COULD HAVE EASILY BEEN ACCOMMODATED because Plaintiff worked with an accommodation for several months. (Complaint ¶ 6).

The former Mayor and the City of New York issued a Vaccination Mandate that all NYC employees must provide verification that they are vaccinated against covid-19 by October 29,

5

2021. The Defendants NYPD and the City did not collectively bargain with Plaintiff's Union, the Police Benevolent Association, before implementing or enforcing the Vaccine Mandate. (Complaint ¶ 26).

The Vaccine Mandate provided for reasonable accommodations on its face pursuant to the Order of the New York City Commissioner of Health and Mental Hygiene. (Complaint ¶ 27).

The City promulgated a written policy regarding the implementation of the Vaccine Mandate and the reasonable accommodation process. This policy, entitled "FAQ on New York City Employees Vaccine Mandate" provided that "[a] sincerely held religious, moral, or ethical belief may be a basis for a religious accommodation." (Complaint ¶ 28).

This policy also provided that the alternative to vaccination allowed which would not cause an undue hardship if an employee is granted a reasonable accommodation would be submission of a weekly negative test result. (Complaint ¶ 29).

This policy also provided *that employees who requested reasonable accommodations would continue working and submitting weekly negative test results while their accommodation request was pending with their individual agency, and then with the Citywide Panel.* (Complaint ¶ 30).

Defendants never informed Plaintiff of any criteria, factors, or requirements for receiving a religious accommodation to the Vaccine Mandate. The NYPD provided a form for employees requesting a reasonable accommodation to the Vaccine Mandate. (Complaint ¶ 31).

This form stated that "Reasonable Accommodations for COVID-19 Vaccinations will be provided by the New York City Police Department to qualified employees with Medical or Religious exemptions". (Complaint ¶ 32).

6

The form also stated: "Supporting documentation from you and/or your religious official explaining your religious exemption from the COVID-19 vaccine is strongly suggested." (Complaint ¶ 33).

No where on the form was there a space provided for the particular accommodation being requested by the applicant. (Complaint ¶ 34).

On October 27, 2021, Plaintiff filed a Reasonable Accommodation Application for a Covid-19 Vaccine Exemption due to his sincere and genuine religious beliefs. (See Plaintiff's Application for a Religious Accommodation attached as Exhibit A, Complaint). (Complaint ¶ 35).

Plaintiff applied for a religious accommodation as permitted under the law. Specifically, Plaintiff explained that all of the COVID-19 vaccines available at the time of his request, used aborted fetal cell lines, which originated from aborted children, in their manufacturing, development or testing. (Complaint ¶ 36).

Plaintiff explained in his request that he believes all life begins at conception and ends at natural death. He believes that God creates every human life intentionally and with purpose. (Complaint ¶ 37).

Plaintiff explained that it is his sincerely held religious belief that abortion is murder. Plaintiff explained that receiving the COVID-19 vaccination would violate his religious beliefs regarding abortion. (Complaint ¶¶ 39-40).

Plaintiff explained that if he were to receive any of the COVID-19 vaccines available at the time, he would be cooperating with and complicit in abortion, which he believed was the ending of a human life. (Complaint ¶ 41).

It is Plaintiff's personal and sincerely held religious belief that God is the physician of his soul and body, and only He can truly heal Plaintiff when Plaintiff relies completely upon Him. Plaintiff cited the following Bible verses to support his sincerely held beliefs.

Jeremiah 17:14 "*Heal me, O Lord, and I will be healed; save me and I will be saved, for you are the one I praise.*"

Psalm 91:4 "*He shall cover you in his feathers, and under his wings you will find refuge; his faithfulness will be your shield and rampart.*"

Ephesians 5:29 *"For no one hated his own flesh but nourishes it and cherishes it, just as Christ does the Church."*

1 Corinthians 2:5 *"Your faith should not be in the wisdom of men, but in the power of God."*

In his accommodation request, Plaintiff cited to numerous scriptures from the bible that supported his religious beliefs. Plaintiff also believes the body is sacred and Plaintiff should not receive chemicals that will manipulate, teach or change God's creation, namely the human cell and quotes from 1 Corinthians 6:19, "*Or do you know your body is a temple of the Holy Spirit within you, who, you have from God*?"
(Complaint ¶ 42).

NYPD Equal Employment Opportunity Division Director, Michael Melocowsky stated that very few religious accommodations would be approved.
(Complaint ¶ 43).

The Defendants did not contact Plaintiff regarding his request before issuing this denial.
(Complaint ¶ 44).

Director Melocowsky instructed those assigned with making determinations on religious accommodation requests to the Vaccine Mandate that they did not need to communicate with applicants before denying their applications. (Complaint ¶ 45).

There was no interactive process or cooperative dialogue regarding Plaintiff's request for accommodation. (Complaint ¶ 46).

Defendants failed to follow any statutory requirements, failed to show an undue hardship, and failed to provide a reasonable accommodation. (Complaint ¶ 47).

On August 8, 2022, Plaintiff's request for a reasonable accommodation was denied by Defendant NYPD. (Complaint ¶ 48).

The NYPD granted reasonable accommodations to the Vaccine Mandate to other employees, including police officers working in the field. (Complaint ¶ 49).

The NYPD's denial letter indicated that the Plaintiff could file an appeal to the New York City Vaccine Mandate Reasonable Accommodation Appeals Panel ("Citywide Panel"). (Complaint ¶ 50).

Plaintiff timely submitted his request for an Appeal to the Citywide Panel. (Complaint ¶ 51).

No one from the City or the NYPD contacted Plaintiff regarding his request for accommodation. (Complaint ¶ 52).

Plaintiff was told that all Appeals would be denied. (Complaint ¶ 53).

Plaintiff's Appeal was denied on August 8, 2022, Plaintiff suffered immense pain and suffering, including acute stress and panic attacks. He did not know how he would pay his bills

or survive. He was DENIED even though he had been working with an accommodation for almost 10 months. (Complaint ¶ 54). (Denial attached as Exhibit B).

Facing the prospect of being placed on Leave Without Pay on August 15, 2022 and imminent termination, Plaintiff was forced to retire from the NYPD under extreme duress on August 15, 2022. (Complaint ¶ 55).

Plaintiff would not have been forced to retire but for his appeal denial, being placed on Leave without Pay and impending termination. Plaintiff did not voluntarily resign. Plaintiff did not believe he would have the choice to continue his employment because his appeal was denied. Plaintiff's termination was inevitable. (Complaint ¶¶ 56-57).

Defendants constructively terminated Plaintiff. (Complaint ¶ 58).

If Plaintiff was not forced to retire he would have been terminated and completely lose any and all pension that he was entitled to. (Complaint ¶ 59).

The Defendants cannot demonstrate that providing a reasonable accommodation to the Vaccine Mandate would cause an undue hardship, particularly where other NYPD employees were accommodated and employees, including Plaintiff were allowed to continue working during the accommodation process. (Complaint ¶ 60).

The City promulgated "FAQs on New York City Employees Vaccine Mandate" which stated that if an employee was granted a reasonable accommodation, the submission of a weekly PCR test and wearing a mask in the workplace was an allowable accommodation that would not cause an undue hardship and/or disruption. (Complaint ¶ 61).

The Defendants cannot demonstrate that providing a reasonable accommodation to the Vaccine Mandate would cause an undue hardship, particularly where the COVID-19 vaccine does not cause prevention or transmission of the COVID-19 virus. (Complaint ¶ 62).

The Defendants could have accommodated Plaintiff s request by providing routine weekly testing and masking. Plaintiff worked with this accommodation for several months. (Complaint ¶ 63).

The Defendants' unlawful action turned Plaintiff's world upside-down; from selling his home and moving across the country, leaving his church, community and career that he loved behind. (Complaint ¶ 64).

With Plaintiff left without an income, Plaintiff made the heartbreaking decision to leave everything he knew behind. His emotional distress was increased by the daunting road ahead of having to move to another state, while trying not to spend much money. (Complaint ¶ 65).

This caused the Plaintiff immense pain and suffering, which manifested itself physically. (Complaint ¶ 66).

Plaintiff's constructive termination by Defendants was an unlawful retaliation for Plaintiff refusing to compromise his religious principles. (Complaint ¶ 67).

The NYCHRL places the burden on the employer to show the unavailability of any safe and reasonable accommodation and to show that any proposed accommodation would place an undue hardship on its business. *Jacobsen v. New York City Health and Hospitals Corporation, 22 NYS3d 824 (2014).* (Complaint ¶ 68).

The Defendants cannot show that any proposed accommodations would place an "undue hardship" on its business. The Defendants cannot meet this burden because Plaintiff and other

11

members of the NYPD had been working with a reasonable accommodation for several months. (Complaint ¶ 69).

Plaintiff was constructively terminated on August 15, 2022 because he did not receive the covid-19 vaccination and Defendants failed to accommodate Plaintiff. Plaintiff was constructively terminated because Defendants refused to accommodate his sincerely held religious beliefs despite an available accommodation.       (Complaint ¶ 70).

### STANDARD OF LAW

In reviewing a Rule 12(b)(6) motion, the court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). Dismissal is improper if the complaint states "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (quoting *Twombly*, 550 U.S. at 555).

"For a plaintiff to nudge [his] claim across the line from conceivable to plausible, [he] must raise a reasonable expectation that discovery will reveal evidence of the wrongdoing alleged, even if it strikes a savvy judge that actual proof of those facts is improbable." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021) (internal quotations and citations omitted).

## ARGUMENT
### I. Plaintiff Properly Pleads a Failure to Accommodate Claim under NYCHRL

The NYCHRL prohibits employers from imposing terms that require employees to violate their religious beliefs and mandates reasonable accommodations for religious practices. N.Y.C. Admin. Code § 8–107(3)(a). The NYCHRL imposes "substantially broader" liability on employers than its state counterpart and Title VII. *Doe v Bloomberg L.P.*, 36 NY3d 450, 462 (2021).

Federal and state laws with similar wording serve as "a floor", not a ceiling, for interpreting the NYCHRL. Local Civil Rights Restoration Act of 2005, §1; *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) ("claims under the City HRL must be reviewed independently from" and "more liberally" than their federal counterparts). The NYCHRL commands that "exceptions and exemptions…shall be construed narrowly in order to maximize deterrence of discriminatory conduct". Admin. Code § 8-130 (b).

To make out a *prima facie* case for religious accommodation, an employee must show: (1) a sincerely held belief conflicting with an employment requirement, (2) notice to the employer, and (3) an adverse employment action for failing to meet the conflicting requirement. *Baker v. Home Depot*, 445 F.3d 541 (2d Cir. 2006)(NYSHRL); *Mihalik v. Credit Agricole Cheuvreux N. Am, Inc.,* 715 F.3d 102, 110 (2d Cir. 2013)(NYCHRL).

Plaintiff had a sincerely held religious belief that conflicted with the vaccine mandate. He notified Defendants about his sincerely held beliefs by filing a request for a religious accommodation and Defendants failed to accommodate even though accommodations were

13

available and Plaintiff was forced to resign once his appeal was denied and was further notified that Plaintiff would be placed on Leave without Pay. Plaintiff clearly pleads each element.

**A. Plaintiff Did Inform His Employer of a Sincerely Held Belief that Conflicts with the Vaccine Mandate.**

On October 27, 2021, Plaintiff filed a Reasonable Accommodation Application for a Covid-19 Vaccine Exemption due to his sincere and genuine religious beliefs. (See Plaintiff's Application for a Religious Accommodation attached as Exhibit A, Complaint). (Complaint ¶ 35).

Plaintiff applied for a religious accommodation as permitted under the law. Specifically, Plaintiff explained that all of the COVID-19 vaccines available at the time of his request, used aborted fetal cell lines, which originated from aborted children, in their manufacturing, development or testing. (Complaint ¶ 36).

Plaintiff explained in his request that he believes all life begins at conception and ends at natural death. He believes that God creates every human life intentionally and with purpose. (Complaint ¶ 37).

Plaintiff explained that it is his sincerely held religious belief that abortion is murder. Plaintiff explained that receiving the COVID-19 vaccination would violate his religious beliefs regarding abortion. (Complaint ¶¶ 39-40).

Plaintiff explained that if he were to receive any of the COVID-19 vaccines available at the time, he would be cooperating with and complicit in abortion, which he believed was the ending of a human life. (Complaint ¶ 41).

It is Plaintiff's personal and sincerely held religious belief that God is the physician of his soul and body, and only He can truly heal Plaintiff when Plaintiff relies completely upon Him. Plaintiff cited the following Bible verses to support his sincerely held beliefs.

> Jeremiah 17:14 *"Heal me, O Lord, and I will be healed; save me and I will be saved, for you are the one I praise."*

> Psalm 91:4 *"He shall cover you in his feathers, and under his wings you will find refuge; his faithfulness will be your shield and rampart."*

> Ephesians 5:29 *"For no one hated his own flesh but nourishes it and cherishes it, just as Christ does the Church."*

> 1 Corinthians 2:5 *"Your faith should not be in the wisdom of men, but in the power of God."*

In his accommodation request, Plaintiff cited to numerous scriptures from the bible that supported his religious beliefs. Plaintiff also believes the body is sacred and Plaintiff should not receive chemicals that will manipulate, teach or change God's creation, namely the human cell and quotes from 1 Corinthians 6:19, *"Or do you know your body is a temple of the Holy Spirit within you, who, you have from God*?" (Complaint ¶ 42).

Under NYCHRL, Plaintiff's refusal of the COVID-19 vaccination constitutes a religious practice that conflicts with the Vaccine Mandate.

And an analysis of recent decisions demonstrates that religious objections to COVID-19 vaccination based on the vaccines being developed from research on aborted fetal cell lines is common. *Keene v. City & Cnty. of San Francisco*, 2023 WL 3451687, at *2 (9th Cir. May 15,

2023) (district court's holding that plaintiff failed to demonstrate religious conflict was based on a factual error that the COVID-19 vaccines did not derive from aborted fetal cell lines and reflects a misunderstanding of the law); *U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336, 342 n. 4 (5th Cir. 2022); *Does v. Mills*, 142 S. Ct. 17, 18-19 (2021, Gorsuch, J., dissenting); *Dr. A v. Hochul,* 142 S. Ct. 552, 553 (2021, Gorsuch, J., dissenting); *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 272-273 (2021), *opn clarified* 17 F.4th 368 (2d Cir. 2021); *Together Emps. v. Mass Gen. Brigham Inc.*, 19 F.4th 1, 4-6 (1st Cir. 2021); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not ... question the legitimacy of [Appellants'] religious beliefs regarding COVID-19 vaccinations."); *Kane v. de Blasio*, 575 F. Supp. 3d 435, 442 (S.D.N.Y. 2021); *Ferrelli v. State of N.Y. Unified Court Sys*., 2022 WL 673863, *3 (N.D.N.Y., Mar. 7, 2022).

Finally, the Defendants issued Guidance on Accommodations for Workers in the Private Sector. In their Guidance, the Defendant City of New York affirmed that a Worker may qualify for a religious accommodation if Worker says that they cannot take the vaccine because it was developed , and/or tested using aborted fetal cells. (See NYC Guidance on Accommodations attached as Exhibit C).

**B. Plaintiff properly pleads an adverse employment action.**

The NYCHRL does not require that an employee bringing a failure to accommodate claim demonstrate that he was subjected to discipline. N.Y.C. Admin. , Code § 8–107(3)(a). "A person is aggrieved even if that person's only injury is the deprivation of a right granted" by the

16

NYCHRL, including **the right to a reasonable accommodation**. NYC Admin. Code §8-502(h) (2).

Nevertheless, Plaintiff has adequately pled that he suffered an adverse employment action in the form of a constructive discharge through vested separation, which qualifies under established precedent.

In *Chinchilla,* Judge Ho of the Southern District found similar allegations sufficient to support a *prima facie* case, where the plaintiff alleged she was informed that she would be placed on leave without pay and eventually terminated, and she resigned after using her accrued leave to preserve her pension. *Chinchilla v. New York City Police Dep't*, at *8.

Plaintiff likewise applied for a vested separation after he received his denial on August 8, 2022, and ran his accrued leave to preserve his pension. NYPD employees who were denied accommodations were placed on leave without pay and ultimately terminated. Plaintiff received notice that he was denied by the NYPD and then by the Citywide Panel. This is sufficient to constitute an adverse employment action. *Vasquez v. City of New York*, No. 22CV05068(HG) (VMS), 2024 WL 1348702, at *6 (E.D.N.Y. Mar. 30, 2024) (plaintiff sufficiently met discipline prong where "he would be put on unpaid leave or lose his job for not submitting to testing" even though "Plaintiff admits that he participated in at least some mandatory testing" and therefore did not actually "face an 'adverse employment action'"); *see Green v. Town of E. Haven*, 952 F.3d 394, 404 (2d Cir. 2020) (holding that an employee given the choice to resign or be fired was constructively discharged under Title VII); *see also Morris v. Schroder Cap. Mgmt. Int'l*, 859 N.E.2d 503, 507 (N.Y. 2006) (recognizing that resignation may not be voluntary and constructive discharge may apply in discrimination cases). Defendants argue Plaintiff was not subjected to

17

formal discipline and instead retired shortly before the Citywide Panel ruled on his appeal.

However, the Complaint alleges that Plaintiff, like other employees denied accommodation,

faced an unavoidable ultimatum: vaccinate or be terminated. Plaintiff applied for vested

separation in 2022, allowing him to run out his accrued time while awaiting a decision from the

Citywide Panel. Although he hoped for approval and retained the ability to rescind his

paperwork, the Citywide Panel's final denial would have triggered a seven-day window to get

vaccinated or be terminated—a period too short to initiate vested separation, which required 30

days notice. Terminated employees risked losing their pensions entirely.

Out of necessity, Plaintiff initiated vested separation. Plaintiff was thus constructively

discharged, facing imminent termination with no reasonable alternative. Because Plaintiff lacked

the 20 years required for full retirement, his pension was reduced, and he forfeited benefits

including terminal leave, the variable supplement, and lifelong health coverage. He also lost

future career opportunities, promotions, and pay, having separated with less than 20 years of

service. But for the denial of his religious accommodation, Plaintiff would not have entered into

vested separation. *Green v. Town of E. Haven*, 952 F.3d 394, 404–05 (2d Cir. 2020) ("[i]f this

case were tried, a fact finder, applying the correct legal standard to the issue of constructive

discharge, could rationally find that an employee in Plaintiff's shoes would have felt compelled

to submit his resignation stating that he was retiring, rather than face nearly certain

termination."); *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir. 1987) (reversing

summary judgment where employee raised a genuine issue of fact as to whether he was

constructively discharged when he alleged his supervisor told him he would be fired at the end of

the 90-day probationary period no matter what he did to improve his allegedly deficient

performance, holding a "trier of fact might find that [the supervisor]'s statement alone suffices to establish a constructive discharge").

Defendants erroneously reference cases addressing terminations under the Vaccine Mandate that focus on due process claims related to disciplinary procedures. "[I]t is unclear why calling the Vaccine Mandate a condition of employment tends to rebut Plaintiff's claims." *Chinchilla v. New York City Police Dep't*, at *9 (rejecting the identical argument made by the City here). And in *Broecker v. N.Y.C. Dep't of Education*, the court affirmed that vaccination was not required as a "condition of employment" for persons who received exemptions because "the City amended the Vaccination Mandate to allow for reasonable medical and religious accommodation" after "City unions[ ] brought a challenge to the Vaccination Mandate, including the omission of religious and medical exemptions on constitutional and other grounds." *Broecker v. New York City Dep't of Educ.,* 585 F.Supp.3d 299, 316 n.13 (E.D.N.Y. 2022) *aff'd* No-23-655, 2023 WL 7485465 (2d Cir. Nov.13, 2023), and *aff'd No.* 23-655, 2023 WL 8888588 (2d Cir. Dec.26, 2023).

Moreover, the NYCHRL does not require that an employee bringing a failure to accommodate claim demonstrate that he was subjected to discipline. N.Y.C. Admin. , Code § 8–107(3)(a). "A person is aggrieved even if that person's only injury is the deprivation of a right granted" by the NYCHRL, including the right to a reasonable accommodation. NYC Admin. Code §8-502(h)(2). After Plaintiff's appeal was denied, Plaintiff had 7 days to receive the covid-19 vaccine or be placed on Leave without Pay. Once placed on Leave without Pay, termination was imminent. Plaintiff was also aggrieved by Defendants because the Defendants deprived him of the "right to a reasonable accommodation."

19

C. **Defendants' undue hardship arguments are premature and Defendants' cannot meet its burden of proof of undue hardship.**

Undue hardship is defined as "an accommodation requiring significant expense or difficulty (including a significant interference with the safe or efficient operation of the workplace or a violation of a bona fide seniority system)." Admin. Code § 8-107(3)(b). The NYCHRL places the burden of proof to show undue hardship on the employer. NYC Admin. Code § 8-107(3)(b).

Accordingly, dismissal on that ground is proper only if defendants show some obvious bar to securing relief on the "face of the complaint." *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74 (2d Cir. 1998). Courts in the Southern and Eastern Districts of New York have consistently denied the City's motions to dismiss failure-to-accommodate claims related to the Mandate. *Chinchilla v. New York City Police Dep't*, No. 23 CIV. 8986 (DEH), 2024 WL 3400526, at *10 (S.D.N.Y. July 12, 2024) (held complaint on its face did not demonstrate undue burden where NYPD allowed others to test and mask, which would tend to demonstrate the feasibility of offering this accommodation to Plaintiff); *Vasquez v. City of New York,* No. 22-DV-05068 (HG)(VMS), 2024 WL 1348702, at *7 (E.D.N.Y. Mar. 30, 2024) (rejecting undue hardship argument where reasonable accommodation were required, and the City failed to show plaintiff could not perform duties safely with accommodation).

In *Rizzo*, this Court denied the City's motion to dismiss based on undue hardship, holding that such an affirmative defense can only be resolved at the pleading stage if the facts clearly establish it on the face of the complaint. *Rizzo v. New York City Dep't of Sanitation*, No. 23-CV-7190 (JMF), 2024 WL 3274455, at *3 (S.D.N.Y. July 2, 2024). The Southern District found that

20

DSNY's own mandate allowed for reasonable accommodations, and DSNY had granted similar accommodations to other employees, including permitting the plaintiff sanitation worker to work with weekly PCR testing while his exemption request was pending. *Id.* The same is true here. Plaintiff was working with an accommodation for several months while his accommodation request was pending.

The Defendants' FAQs stated that submitting a weekly negative test was the alternative to vaccination and would *not* cause undue hardship if granted as a reasonable accommodation. The NYPD's reasonable accommodation request form stated that if an accommodation was granted it would be weekly testing. All of the NYPD employees who were granted accommodations were granted an accommodation of the submission of weekly negative PCR test. At least 559 other NYPD employees were granted weekly testing accommodations, including similarly situated detectives and police officers.

Additionally, NYPD permitted 7,000 employees to continue working for months after the Mandate went into effect while their accommodation requests and appeals were pending, while submitting to weekly PCR testing. Plaintiff himself was permitted to continue working in person while his accommodation request was pending.

These employees had contact with the public, contact with their colleagues and responded to emergencies. Even *firefighters* who slept in the firehouse, had contact with the public, and responded to emergencies were permitted to continue working while their accommodation requests and appeals were pending.

Significantly, Defendants do not deny the allegations in the complaint. Instead, they claim that Plaintiff did not provide specific enough information regarding these other employees, such

21

as their names, job titles, duties and facilities, etc. But Defendants bear the burden of proof with regard to undue hardship, not Plaintiff. N.Y.C. Admin. Code § 8-107(3)(b); And *Defendants* can produce said information in discovery.

Defendants cannot demonstrate undue hardship on the face of the complaint, where "courts must apply the [undue hardship] test in a manner that takes into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of any employer. *Groff v. DeJoy*, 143 S.Ct. 2279, 2295 (2023)[1](internal quotations omitted).

Under the NYCHRL, the employer must "demonstrate that it responded to the employee's request *for a particular accommodation"* and address "the feasibility of that accommodation prior to terminating his employment." *Jacobsen v. New York City Health & Hospitals Corp.,* 22 N.Y.3d 824, 827 (2014)(emphasis added).

Significantly, Defendants fail to address why they could not accommodate Plaintiff with testing (or any other accommodation), which was deemed sufficient for others, including Plaintiff herself.

"[T]he NYCHRL presumes all accommodations to be reasonable until proven otherwise." *LeBlanc v. United Parcel Serv.,* No. 11-cv-6983 (KPF), 2014 WL 1407706 at *18 (S.D.N.Y. 2014). In *N.Y.C. Tr. Auth. v. Exec. Dept. Div. of Human Rights,* the New York State Court of Appeals held that Transit Authority violated the NYSHRL by failing to accommodate an employee's religious beliefs where there was no showing by Transit that "a genuine search for

---

[1] *Groff* is a Title VII action, however, "interpretation of New York state or federal statutes with similar wording may be used to aid in interpretation of the [NYCHRL], viewing similarly worded provisions of federal and state civil rights laws as a *floor below which the [NYCHRL] cannot fall…"* Local Law No. 85 [2005] of City of NY §1.

reasonable alternatives was undertaken." 89 NY2d 79, 90 (N.Y. 1996). Therefore, it didn't meet its burden of proving undue hardship. *Id.* at 90. Here, Defendants cannot and do not address reasonable alternatives – including testing – although numerous alternatives were available, and thus cannot meet its burden either.

**Point II: Plaintiff's failure to accommodate claims were properly and timely commenced pursuant to the Human Rights Laws which provide a three-year statute of limitations.**

United States District Judge Dale E. Ho of the Southern District recently ruled on July 12, 2024 on this exact issue against the *City of New York in Chinchilla v. NYPD and City of New York*, 23 Civ. 8986. (Chinchilla Decision and Order attached as Exhibit D).

Judge Ho stated the following:

"*First, they argue that Plaintiff's claims are time- barred, because they should have been brought as an Article 78 proceeding, a special type of process available under New York law with a shorter statute of limitations. This argument fails.*"

"*New York law allows for a special proceeding, called an Article 78 proceeding, which provides "a uniform device for challenging the activities of an administrative agency in court." Whitfield v. City of New York, 96 F.4th 504, 519 (2d Cir. 2024). "Article 78 proceedings differ . . . from plenary civil actions in that Article 78 proceedings are characterized by a limited and expedited summary procedure." Id. at 520. They are also subject to a four-month statute of limitations. N.Y. C.P.L.R. § 217(1). Defendants argue that Plaintiff was required to raise her arguments in an Article 78 proceeding, making her claims untimely. This argument fails.*"

"It is true that New York courts look beyond the labels a plaintiff uses to determine if an action should be brought as an Article 78 proceeding. *See, e.g.*, *Hughey v. Metro. Transp. Auth.*,

23

74 N.Y.S.3d 16, 17-18 (App. Div. 2018) ("[T]he gravamen of plaintiff's claim as ultimately presented to the motion court was a review of the Board's administrative determination interpreting the pension plan. Consequently, the motion court properly concluded that this matter was in the nature of an article 78 proceeding, and subject to the four-month statute of limitations."). However, the New York Court of Appeals has held that discrimination claims against public employers are subject to a three-year statute of limitations, and New York courts have continued to apply this precedent in recent years. *See Koerner v. State*, 467 N.E.2d 232, 234-35 (N.Y. 1984)" ("[A]ll the more invidious is such discrimination when it is practiced by the State. . . . Thus, the courts below erred in dismissing plaintiff's complaint as time barred, as the action was commenced well within the applicable three-year Statute of Limitations.")

Because the HRL give Plaintiff private causes of action independent of C.P.L.R. Article 78, Defendants' argument is without merit. The NYCHRL explicitly grants individuals aggrieved by unlawful discriminatory practices the right to bring a cause of action in court within three years[1] of the discriminatory act. N.Y. Exec. Law § 297(9). N.Y.C Admin. Code § 8-502(a).

"[I]t is the petitioner's choice whether to bring an Article 78 proceeding—with the attendant summary procedures, deferential review of agency action, and limited menu of relief—or a plenary action." *Whitfield v. City of New York*, No. 22-412, 2024 WL 1122556, at *17 (2d Cir. Mar. 15, 2024). In *Whitfield*, the plaintiff brought an Article 78 proceeding in state court alleging that the City's decision not to hire him was arbitrary and capricious, discriminatory, and violative of his First Amendment rights, which was dismissed. Id. at *1. He then brought a plenary action in federal court "based on the same facts" bringing First Amendment and state law discrimination claims. Id. at *2. The Second Circuit held that "the district court erred by dismissing Whitfield's amended complaint on *res judicata* grounds" because the state court

24

lacked "the power to award the full measure of relief" the plaintiff sought in the federal action. Id. at *21. Thus, even where a plaintiff brought a prior Article 78 proceeding and lost, she is not proscribed from bringing a separate plenary action for discrimination.

And the New York Court of Appeals rejected the argument presented by the Defendants, made by the State, that the plaintiff employee was bound by the four-month statute of limitations governed by Article 78 as opposed to the three-year statute of limitations governed by the New York City Human Rights Law. _Koerner v. State_, 62 N.Y.2d 442, 447-48 (N.Y. 1984). The court held that there was "[no] merit in the State's contention that the Legislature intended to afford more favorable treatment to the public employer where a claim of unlawful discrimination is concerned" by subjecting public employees to a "shorter limitations period when the wrong was committed by the state". Id. at 447-48.

When a specific limitations period is clearly applicable to a given action, there is no need to

> ascertain whether another form of proceeding is available for resolution of the dispute. As we held in _Murphy,_ a judicial action for discriminatory discharge commenced pursuant to the Human Rights Law is governed by a three-year Statute of Limitations; we need look no further to determine whether a shorter period might be applicable had plaintiff attempted to have his rights adjudicated by some other procedure.

Id. at 447.

Defendants' argument finds no support in established case law. Courts have consistently upheld the three-year statute of limitations for discrimination actions under the NYCHRL and NYSHRL. _Goldin v. Engineers Country Club_, 54 A.D.3d 658, 864 N.Y.S.2d 43 (2d Dep't 2008); _Bistrisky v. New York State Dept. of Correctional Services_, 23 A.D.3d 866, 804 N.Y.S.2d 443 (3d Dep't 2005).

Moreover, the NYCHRL explicitly provides that *certain claims* against public agencies must be pursued via C.P.L.R. Article 78, such as challenges to the denial of licenses, registrations or permits, N.Y.C. Admin Code § 8-107(9)(e). Notably, the subdivision for failure to accommodate does not contain any such provision. N.Y.C. Admin Code § 107(3). *See Mentor v. Dep't of Educ. of City of New York,* 56 Misc. 3d 1220(A), 66 N.Y.S.3d 654 (N.Y. Sup. Ct. 2017). If the legislature had intended to confine this cause of action solely to an Article 78 proceeding, it would have explicitly indicated so, as it did in other subdivisions of the NYCHRL. And any imposition of a shorter statute of limitations not expressly stated in the law would be incongruous with the NYCHRL's command for liberal and broad interpretation while strictly construing exceptions. Admin. Code § 8-130 (a)-(b).

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss should be denied in its entirety and this case should be allowed to be decided on the merits.

Dated: December 5, 2025

Respectfully submitted,

*/s/ James Mermigis*

_____
James G. Mermigis
The Mermigis Law Group, P.C.
85 Cold Spring Road, Suite 200
Syosset, New York 11791
516.353.0075
james@MermigisLaw.com

26