No. 25-cv-05072 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN MCCAFFREY,

Plaintiff,

- against –

NEW YORK CITY POLICE DEPARTMENT and CITY OF
NEW YORK

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE COMPLAINT**

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Second Floor
New York, N.Y. 10007

*Of Counsel: Brigid Lynn*
*Tel: (212) 356-2481*
*Matter No. 2025-051961*

Served December 22, 2025

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...........................................................................................II

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT.................................................................................................................. 1

    POINT I .............................................................................................................. 1

        ALL CLAIMS MUST BE DISMISSED AGAINST
        DEFENDANT NYPD.................................................................................. 1

    POINT II ............................................................................................................. 2

        PLAINTIFF'S FAILURE TO ACCOMMODATE
        CLAIM FAILS AND MUST BE DISMISSED ...................................... 2

        A.   Plaintiff Does Not Allege That He Informed His
             Employer of a Sincerely Held Belief That
             Conflicts With The Vaccine Mandate. ................................................ 2

        B.   Providing       Plaintiff's       Requested
             Accommodation Would Have Been an Undue
             Hardship.............................................................................................. 3

    POINT III............................................................................................................ 4

        THIS ACTION SHOULD HAVE BEEN
        BROUGHT AS AN ARTICLE 78 PROCEEDING
        AND IS NOW TIME-BARRED ............................................................. 4

    POINT IV............................................................................................................ 7

        FREE EXERCISE CLAIM MUST BE DISMISSED
        ............................................................................................................ 7

CONCLUSION.............................................................................................................. 8

CERTIFICATION ......................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

Beickert v. New York City Dep't of Educ.,
    2023 U.S. Dist LEXIS 170719
    (E.D.N.Y. Sept. 25, 2023)...................................................................................................2

Broder v. Cablevision Sys. Corp.,
    418 F.3d 187 (2d Cir. 2005)...............................................................................................4

Campagna v. New York City Police Dep't,
    231 A.D.3d 531
    (App. Div. 1st Dep't 2024) ..........................................................................................4, 5, 6

Colbert v. Rio Tinto PLC,
    824 Fed. Appx. 5 (2d Cir. 2020)......................................................................................1, 7

Goolsby v. City of New York,
    83 Misc. 3d 445
    (Sup. Ct. New York Cnty. 2024),
    *aff'd*, 2025 N.Y. App. Div. LEXIS 1179
    (App. Div. 1st Dep't, Mar. 4, 2025)................................................................................4, 5, 6

Jacobsen v. New York City Health & Hosps. Corp.,
    22 N.Y.3d 824 (2014) ........................................................................................................3

Koerner v. State of New York,
    62 N.Y.2d 442 (1984) ........................................................................................................5

Maniscalco v. New York City Dep't of Educ.,
    563 F. Supp. 3d 33 (E.D.N.Y. 2021) .................................................................................3

Mason v. General Brown Cent. Sch. Dist.,
    851 F.2d 47 (2d Cir. 1988).................................................................................................2

McKnight v. 65 Dune Rd. Llc,
    2020 U.S. Dist. LEXIS 255466
    (E.D.N.Y. Nov. 16, 2020)..................................................................................................4

Nieves v. New York City Police Dep't,
    2024 N.Y. Slip Op. 33476(U)
    (Sup. Ct. New York Cnty. 2024) .....................................................................................4, 6

Roach v. New York City Hous. Auth.,
    2025 N.Y. Misc. LEXIS 2282
    (Sup. Ct. New York Cnty. Apr. 9, 2025) ............................................................................4

**Cases**                                                                                                    **Pages**

Whitfield v. City of New York,
    96 F.4th 504 (2d Cir. 2024) ..................................................................................................6

Wong v. City of New York & Parks & Recreation,
    2024 N.Y. Slip Op. 34031(U)
    (Sup. Ct. Kings Cnty. 2024)..........................................................................................4, 5, 6

**PRELIMINARY STATEMENT**

Plaintiff brings this action alleging that in denying his request for a religious exemption to the COVID-19 Vaccine Mandate, Defendants failed to accommodate Plaintiff's religious beliefs in violation of the New York City Human Rights Law ("NYCHRL"). Defendants moved to the dismiss the complaint on grounds that (1) the New York City Police Department ("NYPD") is not a suable entity; (2) Plaintiff's claim should have been brought as an Article 78 proceeding and is now time-barred; and (3) Plaintiff failed to state a claim for relief.

In opposition, Plaintiff does not address Defendants' argument that the case must be dismissed against Defendant NYPD, as it is not a suable entity. Plaintiff also does not address Defendants' argument that, to the extent Plaintiff alleges the Vaccine Mandate violated his right to freely exercise his religious beliefs, this claim fails. Plaintiff fails to meaningfully oppose Defendants' argument that this case should have been brought as an Article 78 proceeding. Plaintiff also wrongly contends that he has plausibly alleged a failure to accommodate claim. Plaintiff's arguments are without merit and fail as a matter of law. For these reasons, and for the reasons set forth in Defendants' initial moving papers, the Court should grant Defendants' motion to dismiss the complaint in its entirety.

ARGUMENT

**POINT I**

**ALL CLAIMS MUST BE DISMISSED AGAINST DEFENDANT NYPD**

Plaintiff does not contest Defendants' argument that NYPD is not a suable entity, therefore NYPD must be dismissed as a Defendant from this action. See Colbert v. Rio Tinto PLC, 824 Fed. Appx. 5, 11 (2d Cir. 2020) ("district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage").

## POINT II

### PLAINTIFF'S FAILURE TO ACCOMMODATE CLAIM FAILS AND MUST BE DISMISSED

**A.**     Plaintiff Does Not Allege That He Informed His Employer of a Sincerely Held Belief That Conflicts With The Vaccine Mandate.

Plaintiff argues in his Opposition that he "explained" several of his beliefs regarding abortion in the exemption request he submitted to NYPD. See Opp. at 14. Specifically, Plaintiff argues that he explained that it is his sincerely held belief that "abortion is murder" and that "if he were to receive any of the COVID-19 vaccines available at the time, he would be cooperating with and complicit in abortion." Id. However, the exemption request itself did not include these explanations. Plaintiff's initial exemption request and his personal statement submitted to the Citywide Panel both include a number of secular concerns and non-religious reasons for refusing the COVID-19 vaccine. See Lynn Decl., Exhs. B, F. Examples of such non-religious reasons include that "[t]here is no evidence or proof that shows that I am a direct threat to myself, coworkers or the community being unvaccinated while have [sic] natural immunity and practicing my universal precautions;" "[t]here is no evidence or proof that vaccines are not a direct threat to my body, or every human body, one of Gods [sic] greatest creations;" and "[t]here are other proven methods to ensure the safety of the public such as proper masking, which is proven to be 70% effective in preventing the transmission of COVID-19. According to the CDC, the vaccine is only 66% effective." See Lynn Decl., Exhs. B, F. Pursuant to the publicly-available guidance from the Equal Employment Opportunity Commission ("EEOC"), "objections to COVID-19 vaccination that are based on social, political, or personal preferences, or on nonreligious concerns about the possible effects of the vaccine, do not qualify as 'religious

2

beliefs.'"    See    https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L.%20[*11 (last accessed December 17, 2025).

Plaintiff also argues in his Opposition that in his exemption request, he "cited to numerous scriptures from the bible that supported his religious beliefs." Opp. at 15. However, the mere invocation of a biblical verse is insufficient to establish that Plaintiff holds a religious belief against being vaccinated. See Beickert v. N.Y.C. Dep't of Education, 2023 U.S. Dist LEXIS 170719, *9 (E.D.N.Y. Sept. 25, 2023) (citing Mason v. General Brown Cent. Sch. Dist., 851 F.2d 47, 51 (2d Cir. 1988)). To the extent Plaintiff relies on the document "Guidance on Accommodations for Workers in the Private Sector," Plaintiff was not a worker in the private sector as an NYPD employee. See Opp. at 16.

**B.**    Providing Plaintiff's Requested Accommodation Would Have Been an Undue Hardship.

Plaintiff's claim must be dismissed because it would have been an undue hardship on Defendants to grant Plaintiff's exemption request. Plaintiff argues in his Opposition that "under the CHRL, the employer must 'demonstrate that it responded to the employee's request for a particular accommodation" and address 'the feasibility of that accommodation prior to terminating his employment.'" Opp. at 22 (quoting Jacobsen v. New York City Health & Hosps. Corp., 22 N.Y.3d 824, 827 (2014)). Here, however, Plaintiff did not request a "particular accommodation," beyond his request for "an exemption to immunizations." See Lynn Decl., Exh. B. Further, Plaintiff himself states that he "worked overtime helping strangers and saving countless lives" in his role as a police officer. See Compl. ¶2. In light of City's duty to keep its employees and the public safe at the height of COVID-19 pandemic, when the viral transmission rates were high, it would have been an undue burden to allow Plaintiff to continue performing his duties without being vaccinated. See Maniscalco v. N.Y. City Dept. of Educ., 563 F. Supp. 3d 33, 39-40 (E.D.N.Y. 2021).

## POINT III

### THIS ACTION SHOULD HAVE BEEN BROUGHT AS AN ARTICLE 78 PROCEEDING AND IS NOW TIME-BARRED

Plaintiff brings a single claim under NYCHRL challenging the NYPD's denial of his request for a religious exemption to the Vaccine Mandate, precisely the type of case that should have been brought as an Article 78 proceeding. In his Opposition, Plaintiff contends that Defendants' argument that this claim should have been brought as an Article 78 "finds no support in established case law." Opp. at 25. That contention is incorrect. New York's Supreme Courts as well as the Appellate Division, First Department, have held that vaccine-related determinations, like the one at issue in this case, should be addressed through an Article 78 proceeding within four months of the accrual of the claim. See Campagna v. N.Y.C. Police Dept., 231 A.D.3d 531, 532 (App. Div. 1st Dep't 2024) (reversing preliminary injunction because plaintiff could not demonstrate a likelihood of success when "he failed to challenge the termination" of his employment, based on his "noncompliance with the vaccine mandate," in a timely Article 78 proceeding); Wong v. City of N.Y. Parks & Recreation, 2024 N.Y. Slip Op. 34031(U), at *4 (Sup. Ct. Kings Cty. 2024) ("Although plaintiff frames this action as a religious discrimination lawsuit under the [CHRL], the crux of his . . . challenge . . . stripped of all artifice squarely fits the parameters of a CPLR Article 78 proceeding . . ."); Roach v. N.Y.C. Hous. Auth., 2025 N.Y. Misc. LEXIS 2282, at *3 (Sup. Ct. N.Y. Cnty. Apr. 9, 2025) ("Plaintiff's disagreement with NYCHA's administrative decision to refuse him a COVID-19 vaccine exemption" had to be brought in an Article 78 proceeding); Nieves v. N.Y.C. Police Dep't, 2024 N.Y. Slip Op. 33476(U), at *4 (Sup. Ct. N.Y. Cnty. 2024) (dismissing complaint as untimely because the "true nature of the Verified Complaint, stripped of all artifice, squarely fits the parameters of a CPLR article 78 proceeding");

4

Goolsby v. City of New York, 83 Misc. 3d 445, 454 (Sup. Ct. N.Y. Cnty 2024), *aff'd* 2025 N.Y. App. Div. LEXIS 1179 (N.Y. App. Div. 1st Dep't, Mar. 4, 2025).

Plaintiff relies on Chinchilla in support of his argument in opposition. However, Plaintiff does not oppose, or even address, Defendant's argument that as a federal court applying state law, this court should follow the New York First Department's decision in Campagna v. N.Y.C. Police Dep't, rather than the decision in Chinchilla. **"As a federal court applying state law,"** the court is "generally obliged to follow the state law decisions of state intermediate appellate courts." See Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199-200 (2d Cir. 2005); see also McKnight v. 65 Dune Rd. Llc, 2020 U.S. Dist. LEXIS 255466, *28-29 (E.D.N.Y. Nov. 16, 2020). The Appellate Division, First Department, noted in Campagna that where "the gravamen of his complaint sought to review the NYPD's decision to terminate his employment based on his noncompliance with the vaccine mandate," a plaintiff likely could not "demonstrate success on the merits, as he failed to challenge the termination of his employment with the NYPD in a timely CPLR article 78 proceeding." Campagna, 231 A.D.3d at 532. Here, the gravamen of the complaint is a challenge of the NYPD's denial of Plaintiff's reasonable accommodation request and Plaintiff's alleged constructive termination due to his noncompliance with the vaccine mandate.

Contrary to Plaintiff's argument in his Opposition, Article 78 proceedings are not limited to "challenges to the denials of licenses, registrations or permits." See Opp. 26. Rather, an Article 78 proceeding allows a petitioner to challenge agency determination, such as where "the quintessential factual assertion in plaintiff's complaint is that defendant denied the reasonable accommodation request without a valid basis." See Goolsby, 83 Misc. 3d 445, 453 (Sup. Ct. N.Y. Cnty 2024). Here, Plaintiff alleges in the Complaint that he "sufficiently articulated and explained the religious nature of his conflict with the Vaccine Mandate" and "set forth in explicit detail,

citing to scripture, how his religious tenets conflict with the vaccine requirement" but that "Defendants simply rejected Plaintiff's religious beliefs without reason." Compl. ¶¶99, 101. This squarely fits the parameters of an Article 78 proceeding. See Wong, 2024 N.Y. Slip Op. 34031(U), at *4.

To the extent Plaintiff relies on Koerner v. State of New York, 62 N.Y.2d 442 (1984), this reliance is misplaced. As the court in Goolsby explained at length, Koerner is readily distinguishable, and vaccine exemption litigation is properly conducted as an Article 78 subject to the four-month statute of limitations. Goolsby v. City of New York, 83 Misc. 3d 445, 454-57 (Sup. Ct. N.Y. Cnty. 2024). "[T]he present matter involves the unique circumstances of the COVID-19 pandemic . . . . The termination at issue here resulted from plaintiff's refusal to be vaccinated after the agency's determination that his disabilities did not qualify for an exemption. For those met with denial, like plaintiff, recourse was available through the timely filing of a lawsuit, with Article 78 emerging as the vessel for navigating the unprecedented circumstances with requisite urgency. Indeed, Article 78 became an indispensable conduit for those seeking redress, a timely balm for grievances amid a city grappling with the uncharted territory of a global health crisis." Id. at 455-56.

Furthermore, Plaintiff's reliance on Whitfield v. City of New York is misplaced. The Second Circuit's decision in Whitfield provides that where the state court did not adjudicate the plaintiff's Article 78 petition as a hybrid proceeding, but instead limited its review to Article 78 remedies, the plaintiff's subsequent federal action was not barred on *res judicata* grounds. 96 F.4th 504 (2d Cir. 2024). Plaintiff seizes onto this holding to argue that "even where a plaintiff brought a prior Article 78 proceeding and lost, she is not proscribed from bringing a separate

plenary action for discrimination." Opp. at 25. That principle has no application here, as Plaintiff did not previously file an Article 78 petition.

Judicial intervention should have been sought within four months of the accrual of Plaintiff's claim. See Campagna, 231 A.D.3d at 532; Wong, 2024 N.Y. Slip Op. 34031(U), at *4 (Sup. Ct. Kings Cty. 2024); Goolsby, 83 Misc. 3d at 454; Nieves, 2024 N.Y. Slip Op. 33476(U), at *4 (Sup. Ct. N.Y. Cnty. 2024). Because Plaintiff did not meet the four-month deadline to commence an Article 78 proceeding, Plaintiff's CHRL claim should be dismissed as untimely.

## POINT IV

### FREE EXERCISE CLAIM MUST BE DISMISSED

Plaintiff does not oppose, or even address, Defendants' argument that to the extent the Complaint raises a First Amendment free exercise claim, that claim fails as a matter of law. Plaintiff's silence on this issue constitutes abandonment. Accordingly, to the extent the Complaint makes a Free Exercise challenge, this claim should be deemed abandoned and dismissed. See Colbert, 824 Fed. Appx. 5, 11 (2d Cir. 2020).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' memorandum of law in support of its motion to dismiss, Defendants' motion to dismiss should be granted.

Dated:       New York, New York
             December 22, 2025

                              **MURIEL GOODE-TRUFANT**
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants*
                              100 Church Street, Second Floor
                              New York, New York 10007
                              (212) 356-2481


                              By:   /s/ Brigid Lynn
                                    Brigid Lynn
                                    *Assistant Corporation Counsel*

8

## CERTIFICATION

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 2,057 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated:      New York, New York
            December 22, 2025

Respectfully submitted,

By:    /s/ *Brigid Lynn*
       Brigid Lynn
       Assistant Corporation Counsel

9