UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

KEVIN MCCAFFREY,

                                    Plaintiff,

          -against-

NEW YORK CITY POLICE DEPARTMENT and
CITY OF NEW YORK,

                                    Defendants.

-------------------------------------------------------------- x

: **OPINION AND ORDER**
: **DENYING MOTION TO**
: **DISMISS**
:
: 25 Civ. 5072 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Kevin McCaffrey filed this action on June 17, 2025, alleging that the City

of New York (the "City") and New York City Police Department ("NYPD") discriminated against

him by denying his request for religious accommodation to the COVID-19 vaccine mandate for

city employees ("Vaccine Mandate"), resulting in his constructive discharge. Defendants moved

to dismiss the Complaint arguing that the statute of limitations has run and that Plaintiff failed to

state a claim for discrimination under New York City Human Rights Law ("NYCHRL"). For the

reasons stated below, Defendants' motion is denied, with the exception that the claims against the

NYPD are dismissed as the NYPD is a nonsuable entity.

## FACTS

In the midst of the COVID-19 pandemic, the City issued a Vaccine Mandate, and

as a condition of employment required all City employees to provide verification that they were

vaccinated against COVID-19 by October 29, 2021. *Id.* ¶ 26. The Vaccine Mandate included an

exception for sincerely held religious beliefs, allowing the employee to continue working if he

provided a weekly negative test result and permitting the employee to work during the pendency

of the application with the same weekly test requirement. *Id.* ¶ 29-30. The City provided a form for the application stating that "Supporting documentation from you and/or your religious official explaining your religious exemption from the COVID-19 vaccine is strongly suggested." *Id.* ¶ 33. If the City denied the application, employees could appeal to the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel").

Plaintiff was a police officer employed by Defendants from 2012 until August 15, 2022. Compl. ¶ 16. On October 27, 2021, Plaintiff filed a reasonable accommodation application for a COVID-19 vaccine exemption claiming a sincerely held Christian religious belief because of the use of "aborted fetal cell lines" in the manufacturing, development, or testing of the vaccines. *Id.* ¶ 36. Plaintiff stated that his religious beliefs condemned abortion and therefore prevented him from receiving the vaccine. *Id.* ¶¶ 37-41. In his application, Plaintiff also "cited to numerous scriptures from the bible that supported his religious beliefs" and explained that "Plaintiff believes the body is sacred and Plaintiff should not receive chemicals that will manipulate, teach or change God's creation, namely the human cell." *Id.* ¶ 42.

In addition to the religious reasons for seeking the accommodation, Plaintiff's application included non-religious reasons. Plaintiff's application explained that he had previously contracted COVID-19 and therefore had "natural immunity" and that "[t]here is no evidence or proof that shows that I am a direct threat to myself, coworkers or the community being unvaccinated while have natural immunity and practicing my universal precautions." Compl. Ex. A. Plaintiff did not submit any additional documentation in his application.

On December 14, 2021, Plaintiff's request for accommodation was denied. Lynn Decl., Ex. C.[1] The City stated the reasons for denial as: (1) Plaintiff's objections were "personal,

---

[1] The Complaint incorporates by references the documents in the Lynn Declaration such that they can be considered at this stage. "[W]here a document is not incorporated by reference, the court may nevertheless consider it where the

political or philosophical," (2) there was "insufficient or missing religious documentation," (3) the objection "appears to be based on verifiable false information, misinformation, fear of unknown origin of vaccine or side effects," and (4) the "[w]ritten statement does not set forth how religious tenets conflict with vaccine requirement." Lynn Decl., Ex. C.

Plaintiff appealed the denial to the City of New York Reasonable Accommodation Appeals Panel. In his appeal, Plaintiff included a letter dated December 20, 2021 from Reverend Matthew C. MacDonald of Saint Mary's Church stating that Plaintiff was a registered parishioner of Saint Mary's Church. Lynn Decl., Ex. E. Plaintiff also provided a written statement opposing each of the stated reasons for the denial of his accommodation request. Lynn Decl., Ex. F. On August 8, 2022, the Citywide Panel upheld the NYPD's denial of Plaintiff's request. Lynn Decl., Ex. G. The denial stated that Plaintiff must submit proof of vaccination within seven days or be placed on leave without pay. Compl. ¶ 51.

Facing the option of receiving the vaccine or being placed on leave without pay, Plaintiff retired from the NYPD on August 15, 2022. *Id.* ¶ 55. Plaintiff alleges that his retirement was a constructive discharge because, following the improper denial of his reasonable religious accommodation request in violation of NYCHRL, if he did not retire, Plaintiff would have been terminated and therefore would have lost pension benefits to which he was entitled. *Id.* ¶¶ 55-59.

Plaintiff filed the instant action on June 17, 2025, alleging one count of violation of NYCHRL for failure to grant reasonable accommodation for his sincerely held religious beliefs. Plaintiff seeks a declaratory judgment that Defendants' failure to accommodate was an unlawful discriminatory practice under NYCHRL; reinstatement of Plaintiff to his former position in the

complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted). The Complaint clearly relies on the full record of Plaintiff's application and appeal, despite making no direct allegations about the appeal process Plaintiff underwent. Compl. ¶¶ 48-51.

NYPD with full seniority and with reasonable accommodation; compensatory damages for lost wages, back pay, front pay, overtime, and benefits; and compensatory damages for pain and suffering. Defendants filed this motion to dismiss on October 20, 2025. The motion is fully briefed.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In assessing the complaint, [a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The NYCHRL makes it unlawful for an employer to discriminate against a person based on their religion and prohibits an employer from imposing, as a condition of employment, a requirement that would conflict with a person's religion. N.Y.C. Admin. Code § 8-107(3). NYCHRL requires an employer to grant reasonable accommodation for the religious needs of a person. *Id.* A reasonable accommodation is one that does not cause the employer "undue hardship." *Id.*

> It shall be an unlawful discriminatory practice for an employer ... to impose upon a person as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such person to violate, or forego a practice of, such person's creed or religion ... and the employer shall make reasonable accommodation to the religious needs of such person.
>
> N.Y.C. Admin. Code § 8-107(3).

4

## DISCUSSION

### I. Plaintiff's claims against the NYPD are dismissed.

Plaintiff asserts his claims against the NYPD and the City. However, the NYPD is not a suable entity, and the lawsuit is properly brought against the City. N.Y.C. Admin. Code & Charter Ch. 16 § 396; *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-60 (2d Cir. 2008). Therefore, the claims against the NYPD are dismissed.

### II. Plaintiff states a claim under NYCHRL for failure to grant reasonable accommodation.

To state a claim for discrimination under NYCHRL, "Plaintiff must demonstrate that (1) he has a bona fide religious belief conflicting with an employment requirement; (2) he informed the employer of this belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement." *Algarin v. NYC Health + Hosps. Corp.*, 678 F. Supp. 3d 497, 512-13 (S.D.N.Y. 2023). Defendants argue that Plaintiff failed to allege a sincere religious belief because his allegations regarding his faith are conclusory and insufficient to demonstrate a conflict with the Vaccine Mandate, that Plaintiff was not subject to disciplinary procedures, and that granting Plaintiff's request would be an undue hardship.

First, Plaintiff has adequately alleged that he has a bona fide religious belief. The Complaint alleges that Plaintiff has a sincerely held Christian religious belief, and his religion caused him to be opposed to the use of aborted fetal cell lines in manufacturing the vaccines. The Complaint also alleges that as part of his Christian beliefs, Plaintiff believes the body is sacred and therefore opposed to receipt of vaccines. On a motion to dismiss, when all factual statements must be accepted as true, these allegations sufficiently allege a bona fide religious belief. *Ventresca-Cohen v. DiFiore*, 205 N.Y.S.3d 532, 534 (App. Div. 2024) (finding that employee objections to COVID-19 vaccines "revealed two primary reasons for seeking the religious exemption: (1) the

5

connection between fetal cells and the testing of COVID–19 vaccines; and (2) a concern about the sanctity or purity of the applicant's body" and that an employer could inquire into "whether the belief was religious in nature and sincerely held," but not "the legitimacy of an applicant's religious beliefs"). Evaluating the sincerity of these beliefs is a factual question not appropriate for a motion to dismiss, as they are adequately alleged on their face.

Second, while Defendants are correct that the implementation of the Vaccine Mandate was a lawful condition of employment, see *Broecker v. NY City Dept. of Educ.*, 585 F. Supp. 3d 299, 314 (E.D.N.Y. 2022), under NYCHRL, Defendants were required to provide a reasonable accommodation for a sincerely held religious belief. Plaintiff alleged that because his accommodation request was wrongfully denied, he faced the choice between being discharged or retiring, which is sufficient to allege constructive discharge at this phase. *See Green v. Town of E. Haven*, 952 F.3d 394, 404 (2d Cir. 2020).

Third, Defendants argue that providing Plaintiff with accommodation in the form of masking and regular COVID-19 testing would have been an undue hardship. However, undue hardship is an affirmative defense and therefore not appropriate for a motion to dismiss except "where the facts necessary to establish the defense are evident on the face of the complaint." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 199 (2d Cir. 2018). On its face, the Complaint does not demonstrate that granting the accommodation would have been an undue hardship. Plaintiff alleges that he was provided with similar accommodation during the pendency of the adjudication of his accommodation application and that other City employees were granted similar accommodations. This is sufficient at the motion to dismiss stage.

## III.    Plaintiff's action is timely.

Defendants argue that Plaintiff's claims are time-barred because they should have been brought through a CPLR Article 78 proceeding. Article 78 provides "a uniform device for

6

challenging the activities of an administrative agency in court." *Whitfield v. City of New York*, 96 F.4th 504, 519 (2d Cir. 2024). The statute of limitations to bring an Article 78 proceeding is four months. *Id.* Plaintiff contends that his claims are under NYCHRL and therefore subject to the three-year statute of limitations period under that law.

The New York Court of Appeals has held that discrimination claims against public employers are generally entitled to a three-year statute of limitations and are distinct from Article 78 cases. *Koerner v. State*, 62 N.Y.2d 442, 467 N.E.2d 232 (N.Y. 1984). In *Koerner*, the Court considered a discrimination claim by a food service worker at a New York State Department of Mental Hygiene facility. *Id.* at 445. The plaintiff alleged that he was terminated because of his poor vision, a medical condition that would not impair his work, in violation of New York State Human Rights Law. *Id.* Defendants moved to dismiss, arguing that the statute of limitations had run because the claim should have been brought as an Article 78 proceeding. *Id.* The State argued that under Article 78, "all proceedings challenging State actions [must] be commenced within four months." *Id.* at 447.

The Court of Appeals disagreed and held that discrimination claims against the state are subject to a three-year statute of limitations. *Id.* The Court explained that there was "[no] merit in the State's contention that the Legislature intended to afford more favorable treatment to the public employer where a claim of unlawful discrimination is concerned" by providing a "shorter limitations period when the wrong was committed by the state." *Id.* at 447-48. Applying *Koerner*, New York courts generally look beyond the labels used by a plaintiff such that a "Plaintiff cannot avoid the time limitation to initiate an Article 78 proceeding by reframing his claims" as violations of NYCHRL. *Wong v. City of N.Y. & Parks & Recreation*, 2024 N.Y. Slip Op. 34031(U), at *4 (Sup. Ct. Kings Cty. 2024); *see also Hughey v. Metro. Transp. Auth.*, 74 N.Y.S.3d

7

16, 17-18 (App. Div. 2018) ("[T]he gravamen of plaintiff's claim … was a review of [an agency action].").

Applying *Koerner* to a vaccine related discrimination case, the court in *Chinchilla v. New York City Police Dep't*, concluded that a similarly situated plaintiff was not required to bring her NYCHRL claims alleging vaccine mandate-related religious discrimination through Article 78. 2024 WL 3400526, at *1 (S.D.N.Y. July 12, 2024). In *Chinchilla*, the plaintiff, a former NYPD officer, challenged her constructive discharge from the NYPD following the denial of her request for religious accommodation to the Vaccine Mandate. The *Chinchilla* court held that the claim was subject to the three-year statute of limitations under *Koerner* because "NYSHRL claims regarding employees' requests for reasonable accommodation are substantively about the complained-of discrimination and, therefore, are governed by a three-year statute of limitations." *Id.* at *11; *see also Farrell v. City of New York*, 2024 WL 3849333, at *3 (S.D.N.Y. Aug. 16, 2024) (holding the same).

The Appellate Division, in *Campagna v. New York City Police Dep't*, recently found the opposite, holding that the plaintiff was required to seek review through Article 78 because "the gravamen of his complaint sought to review the NYPD's decision to terminate his employment based on his noncompliance with the vaccine mandate." *Campagna v. New York City Police Dep't*, 231 A.D.3d 531, 532, 218 N.Y.S.3d 331 (2024). However, *Campagna* was decided on a motion for preliminary injunction, so the holding was of a lack of likelihood of success on the merits, not a final decision on whether the statute of limitations had run. *Id.* The decision also failed to directly consider the impact of *Koerner*, discussing the issue in just two sentences. *Id.* Given the limited nature of the holding in *Campagna*, I decline to follow it. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199–200 (2d Cir. 2005) (a federal court follows state

8

intermediate appellate courts absent "persuasive data [establishing] that the highest court of the state would decide otherwise") (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).

Here, as in *Chinchilla*, Plaintiff brings claims of religious discrimination under NYCHRL for the denial of his religious accommodation request. While "[i]t is insufficient that a plaintiff merely label their claims as arising under the NYSHRL or the NYCHRL," Plaintiff's claims center on his request for a reasonable accommodation, which are "substantively about the complained-of discrimination, and therefore are governed by a three-year statute of limitations." *Chinchilla*, 2024 WL 3400526, at *11. Therefore, I agree that Plaintiff's claims of discrimination are subject to the three-year statute of limitations and are timely.

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss is granted for the claims against the NYPD but denied in all other respects. The Clerk of Court shall terminate ECF No. 11.

SO ORDERED.

Dated:      July __/__, 2026
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

9